## ANDERSON v. BRANSFORD.

No. 2175. Decided March 17, 1911. Rehearing Denied June 14, 1911 (116 Pac. 1023).

1. NEGLIGENCE—PROXIMATE CAUSE. Where plaintiff who was delivering a parcel to an occupant of defendant's apartment building became frightened at a horse standing in the rear of the building, and in endeavoring to avoid the horse was injured by falling into an open cellarway, defendant was not liable, as the unguarded cellarway was not the proximate cause. (Page 257.)

2. NEGLIGENCE—QUESTION FOR JURY. The question of proximate cause is one of law only where but one deduction can be drawn from the evidence. (Page 259.)

APPEAL from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by Anna Anderson against Mrs. Wallace Brans-ford.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*Max Brown* and *E. C. Lackner* for appellant.

*Johnson & Fowler* for respondent.

STRAUP, J.

This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. At the conclusion of the plaintiff's evidence the court ordered a nonsuit on defendant's motion based alone on the ground that the alleged negligent acts were not the proximate cause of the injury. The plaintiff has presented the ruling for review.

It is alleged in the complaint that the defendant was negligent in maintaining an open cellarway at the rear of an apartment building owned by her, without guarding it by a railing, or a light, or a signboard, or other signals of warning, and by reason thereof the plaintiff, in delivering a parcel of washing to an occupant of the building and in passing by the cellarway, fell into it and was injured.

At the rear of the apartment house there is a paved private alleyway, ten feet eight inches wide, running north and south, leading from a public street. Along the east side of the alley is a cement wall three feet high at one end, and about one foot at the other. Along the west side is a cement walk about one foot nine inches wide, and raised about six inches above the surface of the alley. Along the west side of the walk is a coping about six inches high and twelve inches wide. The cellarway was west of, and next to, the coping. The plaintiff, in the evening, at about eight o'clock, on the 26th day of September, in de-

livering the parcel, entered the alley from the street, and
walked along the east side of it to the occupant's room.
After delivering the parcel she, in returning, again..passed
along the east side of the alley. On her way out she en-
countered a horse and a delivery wagon standing nearly
across the alley, the horse facing west. She tried to pass be-
tween the wagon and the wall but was unable to do so. She
then attempted to pass going around the horse in front. The
plaintiff testified: "When I reached the horse and wagon
I tried to go along the wall back of the wagon, but could not
pass back of the wagon because it was too close to the wall.
Then I tried to go to the west of the horse and go around.
The horse started to move forward and back, and I became
frightened and tried to run out of the way, and I stumbled,
I don't now how many times, before I alighted in the stair-
way. . . . I thought there was an opening there for me
to pass (in front of the horse). It looked to me that there
was sufficient room between the horse's head and this coping,"
to pass. "If the horse hadn't moved backwards and for-
wards I think I could have gone right along. As I went to
pass the horse's head it started to move backwards and for-
wards. The horse moved forwards first against me. I don't
know what caused the horse to move up and back. I got
frightened and was going to run out of the way. If the horse
hadn't started to move backwards and forwards I wouldn't
have got frightened. . . . I simply concluded that I would
be safe in passing that horse, and I would have been if the
horse hadn't moved backwards and forwards and frightened
me. I got so badly frightened I didn't know where I went to.
I came to believe I would be injured by the horse; I was going
to get out of the way. In my fright I stumbled, but didn't
have any idea what I stumbled over. I don't know if I
stepped onto the little coping. I think I stumbled two or
three times, possibly first over that coping. I didn't get up,
kind of stumbled. I don't know how many times. I didn't
have a chance to get up. I stumbled so far I became over-
balanced and went into the stairway." There was no railing
or guard around, nor any light about the cellerway. There

was an arc light in the public street near the entrance of the alleyway.

It is true that the question of proximate cause is ordinarily one of fact for the jury. This is so because of different conclusions generally arising on a conflict of the evidence, or because of different deductions or inferences arising from undisputed facts, in respect to the question of whether the injury was the natural and probable consequence of the proved negligence or wrongful act, and ought to have been foreseen in the light of the attending circumstances. Where, however, there is no such conflict, and where but one deduction or inference under the evidence is permissible, then the question of proximate cause is one of law. We think it here so indisputably shown that the only permissible inference is that the acts and situation of the horse, the plaintiff's fright therefrom, and her stumbling and falling in her efforts to escape because of them, were the direct and proximate cause of the injury, and but for which the injury would not have occurred, and that none of such acts or things were caused or produced, or set in motion, or concurred in, by the alleged negligence of the defendant. Her alleged negligent act—the maintenance of the unguarded cellarway—was but a condition which, under the circumstances of the case, exposed the plaintiff to no danger, and would have produced no damage or injury to her, had it not been for such independent, unrelated, direct, and efficient causes referred to. We think the nonsuit was proper.

The judgment of the court below is therefore affirmed, with costs.

FRICK, C. J., and McCARTY, J., concur.