## WOLD v. OGDEN CITY et al.

No. 7927.   Decided June 10, 1953.   (258 P. 2d 453.)

See 63 C. J. S., Municipal Corporations, sec. 850. Municipal liability for injury due to condition of street. 25 Am. Jur., Highways, sec. 405; 109 A. L. R. 605.

*Rawlings, Wallace, Black, Roberts & Black, Dwight L. King,* Salt Lake City, for appellant.

*Young, Thatcher & Glasmann, Paul Thatcher,* Ogden, for respondents.

HENRIOD, Justice.

Appeal from an order granting motions to dismiss plaintiff's action for injuries allegedly sustained when he fell into a trench dug by defendant Wheelwright Company, contractor for Ogden City. Affirmed with costs on appeal to defendants.

The motions were based on 4 grounds: that plaintiff's proposed proof as presented in the statement to the jury showed that plaintiff was 1) contributorily negligent, 2)

assumed the risk of injury, that 3) defendants were not negligent, but if so 4) there was no proximate causal connection with the injuries. The court did not indicate the specific grounds upon which it based its decision. Plaintiff assailed the ruling on grounds that 1) it unconstitutionally denied plaintiff a jury trial and 2) the plaintiff was not contributorily negligent as a matter of law.

Without discussing the matter of which grounds the trial court relied on in making its decision, we believe that had he specifically based his decision either on contributory negligence claimed as error by appellant, or on the doctrine of assumption of risk, no error was committed, and therefore appellant was not deprived of any constitutional right to a jury trial.

Plaintiff pleaded injury when he fell into a trench constructed by the Wheelwright Company for Ogden City "because of the negligent * * * manner in which said trench was left," particularly because they 1) placed a dangerous obstruction in the street, 2) failed to construct a "safe and adequate way" to cross from the street to the sidewalk *at* 336-18*th Street* and 3) failed to provide sufficient light to cross the hazard. Defendants countered with contributory negligence and assumption of risk.

Facts outlined by plaintiff's counsel to the jury, so far as pertinent here, substantially are as follows: Avenues Grant, Kiesel and Washington run north and south, with Kiesel in the middle, 1/2 block from the other two. 18th Street bisects Grant and Washington, but Kiesel dead-ends northerly at 18th Street. Plaintiff's home is opposite the west sidewalk of Kiesel, facing south on 18th Street. Plaintiff had been home at 4 p.m. and observed the trench dug in the street on the north side of 18th Street. The removed dirt was in a large pile along the south side of the trench, which was 4 feet deep and 2 1/2 feet wide. Plaintiff was injured at 2:30 a.m. after he had returned with his wife from a visit, when, on an extremely dark night, no street lights

burning in the vicinity, with only a flare-pot ½ block away at Grant, and after he had driven north on that street, turned east on 18th and parked slightly east of Kiesel, he walked diagonally across the street toward his home, "looked this situation over," asked his wife to wait a minute, climbed over the pile of dirt, "decided he could safely cross," straddled the trench to assist his wife across, and fell into the trench when one of its banks gave way under his foot. One neighbor had unsuccessfully asked the construction company to provide a means of driving his car in and out of his property, and others had jumped across the trench on a number of occasions. There were no openings in the embankment, or bridges across the trench, and 18th Street residents had to jump the trench or travel ½ block to Grant or Washington to get in or cross the street.

Under such facts we believe plaintiff was contributorily negligent and also assumed a known risk precluding recovery as a matter of law, denying no constitutional right to a jury trial.[1] In contending otherwise, counsel for plaintiff quotes the language of the recent case of *Stickle* v. *Union Pacific R. R. Co.*,[2] wherein we said, through Mr. Justice Crockett, that the jury is the arbiter of the facts and the safeguard against the arbitrary powers of the court. However, therein we just as strongly pointed out that

"Of course, the rights of litigants should not be surrendered to the arbitrary will of juries without regard to whether there is a violation of legal rights as a basis for recovery."

Plaintiff further cites *Bailey* v. *Central Vermont Ry.*[3] in support of his contention, but the factual differences there are such as to make it apparent that the case is not truly authoritative here. The posi-

---

[1]*Raymond* v. *Union Pacific R. R. Co.*, 113 Utah 26, 191 P. 2d 137, 141.

[2]122 Utah 477, 251 P. 2d 867, 871.

[3]319 U. S. 350, 63 S. Ct. 1062, 87 L. Ed. 1444, an action for injuries under the Federal Employers' Liability Act, 45 U. S. C. A. § 51 et seq.

tion of our court on the matter is reflected in the language of Mr. Chief Justice Wolfe in a case decided by this court that:[4]

"It has been strenuously argued by plaintiff that this decision has deprived him of his constitutional right to a jury trial. That contention has been urged upon this court in almost every case of nonsuit and directed verdict brought before us. This court is charged with the duty of protecting all of the rights of all litigants. This is especially true of those fundamental rights guaranteed by the State and Federal Constitutions. But the right to have a jury pass upon issues of fact does not include the right to have a cause submitted to a jury in the hope of a verdict where the facts undisputably show that the plaintiff is not entitled to relief."

In plaintiff's complaint he attributes negligence to defendants in failing to provide a safe passage from street to sidewalk in front of his home. It would be an unreasonable burden on cities digging temporary ▪ trenches in the streets to provide access to every home, and we think it quite reasonable under such circumstances to require residents temporarily to be inconvenienced by having to walk only ½ block.

Plaintiff admitted the hazardous condition in his complaint. Also in his brief when he said

"We have presented by the facts of this appeal a situation of appellant exposing himself to a known danger in order to exercise the right and privilege which he has to use the highways and streets."

But such right and privilege are not without limitation and certainly cannot include the prerogative of use without the exercise of due care. It would seem that a reasonable, prudent person would not expose himself to a known danger when there is an easy, known and convenient ▪▪ route around it.[5] Plaintiff's conduct, aside from the concept of assumption of risk, was unreasonable in the light

[4] *Raymond* v. *Union Pacific R. R. Co.*, supra.
[5] *Tharp* v. *Pennsylvania R. Co.*, 332 Pa. 233, 2 A. 2d 695.

of this known hazard and the existence of a convenient, hardly burdensome detour at the intersection of Grant and 18th Street, where the trench ended, and through which plaintiff had driven shortly before his injury. To deliberately attempt to cross under such circumstances seems to be that type of lack of due care not attributable to the ordinary prudent person exercising care for his own safety.

Plaintiff also is precluded, having assumed the risk of injury under the circumstances of this case. We emphasize the fact that he knew of the hazard at 4 p.m. and at 2:30 a.m. when he "looked this situation over." The doctrine of assumption of risk, originally applicable to employer-employee relations, has been extended to some situations where one knows of a condition and concludes to accept its attendant hazards and acts accordingly without force of necessity.

Dean Prosser[6] points up the principle as it applies to the instant case when he asserts that an objective standard must maintain, and that

"the plaintiff cannot be heard to say that he did not comprehend a risk which must have been obvious to him."

Further that

"as in the case of negligence there are certain risks which anyone of adult age must be taken to appreciate: the danger of slipping on ice, or falling through unguarded openings", etc.

He goes on to say that

"In the usual case, his knowledge and appreciation of the danger will be a question for the jury; but where it is clear that any person of normal intelligence in his position must have understood the danger, the issue must be decided by the court."

---

[6]Prosser on Torts, Chap. 9, Assumption of Risk.

We think the facts of this case bring it within the principles announced, and it is no answer to say that the plaintiff may not have known the bank of the trench would give way, since no adult person of ordinary intelligence, knowing of the trench, would take such chances on what counsel characterized as being an "extremely dark area, no lights, and in the middle of the night and in the shade of the trees," where there was an easy and safe access to his home in a matter of minutes.

WOLFE, C. J., and McDONOUGH and CROCKETT, J.J., concur.

WADE, Justice (dissenting).

I dissent.

The question here presented is whether it would be unreasonable for a jury to find that plaintiff acted as a reasonably prudent person in standing across this trench in the night time for the purpose of helping his wife across so that they could reach their home and thereby save them from walking a half a block each way in order to get to their home. If such a finding would be within the bounds of reason then a jury question was presented, because a person who acts as a reasonably prudent person is not guilty of contributory negligence, nor of assumption of risk which will prevent him from recovering for injuries caused by the negligence of another. The evidence shows that a number of neighbors stepped across this trench in order to reach their homes, and it seems to me that it would be the normal thing for at least half of the people who were in good health to do as plaintiff did under the same circumstances. This seems to me to show that it would be well within the bounds of reason to conclude that he acted as a reasonably prudent person would act under the existing conditions. I, therefore, think a jury question was presented.