## Mastrocinque *v.* McCann (et al., Appellant).

Argued March 13, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Joseph F. Weis,* with him *Fred B. Trescher, Christ C. Walthour, Jr., Weis & Weis,* and *Kunkle & Trescher,* for appellant.

*Abraham Fishkin,* with him *Andrew Romito* and *Frank Reich,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, April 16, 1956:

The administratrix of decedent Mastrocinque instituted this action of trespass, under the Survival and Wrongful Death Acts, against defendant McCann, who joined Early as additional defendant. The jury returned a verdict against both defendants, making special findings that the negligence of neither was the sole proximate cause, but that the negligence of both concurred in causing the injuries and death, and that decedent was not contributorily negligent. This appeal is by Early from the refusal of his motions for new trial and judgment n.o.v. *McCann, the original defendant, does not appeal.*

After dark on December 15, 1952, decedent and Early were returning in Early's car to their homes in Vandergrift. At a point on State Route No. 66, about two miles south of Clarion, Early stopped his car and decedent went to the rear of the car to relieve himself. The car was on a downgrade slope about 200-300 feet

from the crest. The road was two-laned macadam, 22 feet wide, with berm of 5 feet, according to McCann, and 10-12 feet according to Early. A drainage ditch ran along the far side of the berm. Early testified that the car was "parked alongside the road" with "95 per cent of it" off the berm. He could not say whether his left rear wheel was on or off the roadway. McCann testified that all wheels were on the roadway.

Decedent stood behind the car "by the left rear fender," and Early passed him to stand "over by the ditch." As they were so standing, McCann approached from the rear, went into a skid sideways and struck decedent and Early. Decedent succumbed to the injuries about one week later.

Early contends, (1) that decedent's relation of guest passenger and Early's obligation to him as driving host terminated after decedent alighted from the automobile, and (2) that decedent was guilty of contributory negligence.

Plaintiff argues that since Early's car was illegally parked, it was a concurrent cause of the accident, and his duty to decedent-passenger continued even though he was not actually in the process of driving. In substance, plaintiff contends that he knowingly created a danger which, with the negligence of McCann, caused the accident. He relies upon *Biehl, Admr. v. Rafferty*, 349 Pa. 493, 37 A. 2d 729. But in that case this Court did not determine the question now before us, although on its facts it is somewhat similar to the instant case. This Court there reversed judgment entered against both defendants, and ordered new trial as to both, without deciding the question now before us.

Under the circumstances of this case, there can be no question that Early violated no duty owing to decedent. Decedent chose to stand where he did, al-

though he could well have selected a safe place. Early did not direct him. Further, and more important, he had alighted from the automobile and had stood in the position at the rear for one to three minutes before being struck. In the words of this Court in *Stewart, Trustee v. McGarvey*, 348 Pa. 221, 223, 34 A. 2d 901: ". . . the law presumes that [decedent] . . . knew the surrounding conditions. There is no evidence to support a finding that the legal cause of the accident was . . . [the driver's] failure to perform any duty owing by him to the [passenger] . . ." As in that case, so also here, the violation of The Vehicle Code by improperly parking on the highway would be of importance in a suit by Early against McCann, but "unimportant in determining whether there is evidence of actionable breach of duty owing by [the driver] . . . to the [passenger] . . ."

Moreover, decedent was guilty of negligence as a matter of law. He chose a place of danger in preference to one of comparative safety and by reason of his position was injured. His so doing amounted to an assumed risk, and recovery must be denied: *Hall v. Ziegler*, 361 Pa. 228, 230, 231, 64 A. 2d 767.

Judgment reversed as to defendant, Kenneth Early, and here entered for him.