DeFonde, Appellant, *v.* Keystone Valley Coal Company.

Argued October 5, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Francis A. Muracca,* with him *James B. Ceris* and *John J. Hudacsek, Jr.,* for appellant.

*John D. Ray,* with him *Reed, Ewing & Ray,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 12, 1956:

This case presents no problem as far as the applicable law is concerned. Where a person, having a choice of two ways, one of which is perfectly safe, and the other of which is subject to risks and dangers, voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover: *Haven v. Pittsburgh & Allegheny Bridge Co.,* 151 Pa. 620, 25 A. 311; *Levitt v. B/G Sandwich Shops, Inc.,* 294 Pa. 291, 144 A. 71; *Kaczynski v. Pittsburgh,* 309 Pa. 211, 163 A. 513; *Tharp v. Pennsylvania Railroad Co.,* 332 Pa. 233, 2 A. 2d 695. Here the question is whether the evidence so clearly establishes that the way chosen by decedent was an obviously dangerous one that the court below was justified in declaring him guilty of contributory negligence as a matter of law.

The decedent, Charles DeFonde, a minor, was, and for several months had been, engaged in hauling coal by truck from the strip-mine operations conducted by

the defendant, Keystone Valley Coal Company. He worked under a contract which his brother, Guy De-Fonde, had with the defendant company. In the early afternoon of December 10, 1951, he came with his truck to the site of the mine. The coal pit was approximately 30 feet in width; it extended from south to north, its rear or northerly end containing some 500 feet of coal yet to be stripped. Standing in the pit at that distance from the northerly end and facing the unstripped portion was a Lima #34 shovel, behind which to the south, back to back, at an approximate distance of 3 or 4 feet, was a D-7 Caterpillar bulldozer. Both of these pieces of equipment were stationary while the bulldozer was engaged in pumping oil into the tank of the shovel through a connecting hose. While this fueling operation was going on decedent arrived and parked his truck on the east side of the pit some distance to the south of the bulldozer. Then he and a companion, one Schilling, who had been riding with him on the truck, alighted therefrom and walked over to a drum in which a fire had been built and which was located on the west side of the pit also at some distance south of the bulldozer. Among others there assembled and awaiting the completion of the fueling were the defendant Grant R. Wright who operated the shovel and the defendant John Hartzell who operated the bulldozer. After warming their hands at the fire and the fueling operation having ceased, they all started to return to their respective jobs, Wright to operate the shovel, Hartzell to operate the bulldozer, and decedent to place his truck in position to receive its load of coal. Decedent and Wright walked over together toward the shovel. Wright took his seat in the cab of the shovel while decedent, joined by Schilling and Albert Hartzell who was the father of the defendant

John Hartzell, stood aside of the shovel and at a distance of about six feet therefrom, engaged in conversation. Meanwhile John Hartzell started to climb on to the bulldozer. Suddenly decedent, leaving his companions, and before they could stop him, darted forward between the rear of the shovel and the bulldozer and was there caught and crushed between the two vehicles due to the recoil of the shovel over the three or four foot gap which separated it from the bulldozer. He was picked up on the east side of the pit and given first aid but subsequently died of his injuries. The present action was brought by the administrator of his estate against Keystone Valley Coal Company, John Hartzell and Wright. It was nonsuited by the court below and plaintiff appeals.

It is clear that decedent, in going from the fire barrel to his truck, as, according to plaintiff's complaint, he was intending to do, had a perfectly safe way of proceeding, namely, across the pit but to the south of the front of the bulldozer. Instead of so proceeding, having walked over to a point opposite the gap between the two standing vehicles, he chose, without any need whatever so to do, to "duck" in between them in order to go to the east side of the pit, whence he would presumably have walked southward again to where he had parked his truck. It is of interest to note that when he fell Schilling and Albert Hartzell hurried over to him, not through the passageway between the two vehicles, but by going in front, or to the south of, the bulldozer. The evidence is clear that in the operation of such a shovel as that here engaged it is a common and ordinary occurrence for it to slip or slide backward when the bucket starts to dig into the vein and to scoop the coal, and especially when, as was the case in this instance, the shovel stands on a wet

clay foundation. The hazard, therefore, of passing immediately in back of it and through a narrow gap between it and the bulldozer was so obvious that not only an ordinarily prudent person would presumably have regarded it as dangerous but the danger must have been even more manifest to one who, like decedent, had been employed around the operation and was therefore familiar with the conditions.

Plaintiff argues that it is not entirely clear from the testimony as to whether Wright had actually started the operation of the shovel before decedent entered the passageway to its rear. Apart, however, from the fact that the testimony is to the contrary, it would seem quite impossible that in the mere interval of seconds necessary for decedent to have cleared the few feet of the passageway the operator could have started the motor, sped it up, put the shovel in gear, brought the bucket back and set it down in the coal, the latter being the point of the operation at which the shovel would recoil. Even, however, were it otherwise, decedent knew that Wright had left him and taken his place on the shovel in order to start its immediate operation, so that it would have been negligent for decedent, even in that event, to have attempted the passage as and when he did.

The presumption that a decedent exercised due care is not applicable where plaintiff's own testimony establishes decedent's negligence: *Rank v. Metropolitan Edison Company*, 370 Pa. 107, 87 A. 2d 198; *Hogg, Admr. v. Bessemer & Lake Erie R. R. Co.*, 373 Pa. 632, 96 A. 2d 879.

While the court entered a nonsuit only because of decedent's contributory negligence and did not discuss the question whether plaintiff's case failed for another reason, namely, the lack of proof of any neg-

ligence on the part of Wright, the nonsuit might well have been based upon that ground also. (As far as defendant Hartzell is concerned he had only just started to climb up on the bulldozer when the accident happened and had no connection whatever with its occurrence.) It appears that when Wright was seated in the cab of the shovel he could not see directly to the rear. Looking backward on an angle to his left he did observe decedent, Schilling and Albert Hartzell standing near the shovel engaged in conversation, but he had no reason whatever to suppose that decedent would suddenly undertake to enter into the narrow space between the shovel and the bulldozer. Even, therefore, if the fact were that Wright had not already put the shovel into operation at that time (although he testified that he saw decedent still standing there when he started his machine), his action in starting up the motor could not be held to have been a negligent act on his part, much less such reckless, wilful or wanton misconduct as would have precluded a defense on the ground of decedent's contributory negligence as in *Kasanovich, Admrx. v. George, Trustees,* 348 Pa. 199, 34 A. 2d 523.

Order and judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

We have said many times that "Contributory negligence may be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence". (*Silfies, Admrx. v. American Stores Co.,* 357 Pa. 176). My reading of the record in this case does not convince me that fair and reasonable persons cannot differ as to

whether Charles DeFonde was guilty of contributory negligence.

I see no point to be gained by quoting at length from the transcript of testimony, but I cannot help but feel that justice faltered when the jury was denied the opportunity to pass upon the factual issue which was raised by the witnesses as they recalled the happening of the tragic event which resulted in this lawsuit.