335 P.2d 619

James J. MILLIGAN, Plaintiff and Appellant,

v.

CAPITOL FURNITURE COMPANY, a Utah corporation, Gladys Peterson, Mary E. Shulsen and James H. Sprunt, Defendants and Respondents.

No. 8777.

Supreme Court of Utah.

Feb. 19, 1959.

King & Hughes, Salt Lake City, for appellant.

Gustin, Richards & Mattsson, Salt Lake City, for respondents.

WORTHEN, Justice.

Appeal from the order of the trial court entering judgment of "no cause of action"

following the jury's answers to certain interrogatories.

Plaintiff fell on a sidewalk in front of defendants' building located on West Second South Street, Salt Lake City, Utah. The sidewalk was 20.9 feet wide from the building to curb line.

Plaintiff was employed by the railroad and had on many occasions prior to his fall stopped at a restaurant just west of the defendants' building. Located in front of defendants' building was a sidewalk elevator covered by two steel doors. Attached to the building just west of the steel doors was a drain spout, which carried water from the roof of the building to a hole in the sidewalk and thence to the street.

There is conflict in the testimony as to the condition of the sidewalk. Plaintiff and a witness called by plaintiff testified that ice covered the full width of the sidewalk from the curb "all the way to the building," "surface of the sidewalk was all ice," "from the building out to the curb I would say approximately eight feet wide."

The proprietor of the restaurant testified that there had been no snow for a couple of days and that there was no snow or ice except in and around the drain pipe and out from the pipe a few feet.

The plaintiff sustained substantial damages and medical and hospital expenses in the amount of $1,123.

The trial court submitted to the jury seven questions to which the jury gave answers as follows:

*"Question I*

"Did the defendants maintain a down-spout drainage system which was negligently constructed?

"Answer No

"* * * Ignore Question II if the answer to Question I is 'No'; however, if the answer is 'Yes' then answer Question II.

*"Question II*

"Was the manner in which the down spout was constructed a proximate cause of plaintiff's fall?

"Answer

\*    \*    \*    \*    \*    \*

*"Question III*

"Did the defendants negligently allow water from the down spout to run onto the sidewalk and form ice?

"Answer Yes

*"Question IV*

"Was such negligence a proximate cause of plaintiff's fall?

"Answer Yes

\*    \*    \*    \*    \*    \*

*"Question V*

"Was plaintiff negligent in walking across the ice where he fell?

"Answer Yes

\*    \*    \*    \*    \*    \*

"*Question VI*

"Was such negligence a proximate cause of plaintiff's fall?

"Answer  No

\*      \*      \*      \*      \*      \*

"*Question VII*

"As shown by a preponderance of the evidence in this case, what amount of money would fairly and adequately recompense the plaintiff for any and all injuries he sustained as a result of his falling on the ice as set forth in Instruction No. 15?

"Answer  $5,000.00"

All jurors signed all answers except to Question V, and only seven jurors signed that answer.

Following the return of the special verdict, plaintiff moved for a judgment for $6,123 and defendant moved for judgment of "no cause of action."

The trial court ordered judgment for defendant as requested. Plaintiff filed a motion for judgment or in the alternative for a new trial which motion the court denied.

Plaintiff appealed charging that the court erred in the following particulars:

1. In refusing to enter judgment in plaintiff's favor on the special verdict.

2. That if the answers to the special verdict questions are inconsistent a new trial should have been granted.

3. That the evidence discloses that plaintiff was not contributorily negligent as a matter of law.

4. That the court committed reversible error and abused his discretion in submitting the special verdict to the jury.

■ Considering Point 4 we are of the opinion that not only did the court commit no error or abuse his discretion in submitting the special verdict but that the court did just what he should have done under the circumstances.

■ As to Point 3 there is no suggestion that plaintiff was contributorily negligent as a matter of law. The trial court submitted the question of plaintiff's negligence to the jury, and the jury upon substantial evidence of plaintiff's lack of due care found him negligent.

■■ Plaintiff's second assignment cannot be sustained. Counsel for plaintiff contends that the answers to Questions 5 and 6 are not inconsistent with each other and are not inconsistent with the general verdict. It should be observed however, that we have no general verdict here. The trial court did not submit a general verdict. Counsel states and we believe correctly that it is not within the province of the trial court to decide facts where there is substantial evidence to support a jury finding. We, however, are of the opinion that there was no substantial evidence, nor was

there any evidence to support the answer to Question No. 6.

It is immaterial whether or not the answer to Question VI be considered inconsistent with the answer to Question V. Neither was inconsistent with any general verdict and Rule 49(b) has no application. The questions were submitted under Rule 49(a).

■ There is no evidence that plaintiff's negligence was not a proximate cause of his injury. No inference can be drawn from the evidence that plaintiff's negligence did not proximately contribute to his injury.

The only logical inference available to us is that his negligence was a proximate cause of his injury.

■ The determination of proximate cause is not a pure fact question, it is largely a conclusion available from the facts adduced.

■■ Proximate cause when the case is submitted under a general verdict is for the jury.[1] In the instant case we are of the opinion that the question of proximate cause of plaintiff's injury affords but one answer. His injury was the natural and probable consequence of his own negligence, and only one inference or deduction is permissible, hence the question of proximate cause is one of law.

In the early case of Anderson v. Bransford[2] this court said:

"It is true that the question of proximate cause is ordinarily one of fact for the jury. This is so because of different conclusions generally arising on a conflict of the evidence, or because of different deductions or inferences arising from undisputed facts, in respect to the question of whether the injury was the natural and probable consequence of the proved negligence or wrongful act, and ought to have been foreseen in light of the attending circumstances. Where, however, there is *no such conflict,* and where but *one deduction or inference under the evidence is permissible,* then *the question of proximate cause is one of law.*" (Emphasis added.)

Plaintiff's injury was caused by his slipping on the ice on the sidewalk.

The jury found that plaintiff was negligent in crossing the ice where he did. We do not see how reasonable men could do other than conclude that his crossing the ice contributed to or caused his fall. The evidence discloses no other intervening cause.

1. Farmers Grain Cooperative v. Fredrickson, 7 Utah 2d 180, 321 P.2d 926; Park v. Moorman Mfg. Co., 121 Utah 339, 241 P.2d 914, 40 A.L.R.2d 273.

2. 39 Utah 256, 116 P. 1023.

The ice on the sidewalk and the negligence of plaintiff in crossing the same *caused* plaintiff's fall and his injury.

In Wold v. Ogden City [3] this court quoted from Dean Prosser as follows:

"The plaintiff cannot be heard to say that he did not comprehend a risk which must have been obvious to him. * * * In the usual case, his knowledge and appreciation of the danger will be a question for the jury; but where it is clear that any person of normal intelligence in his position must have understood the danger, the issue must be decided by the court."

The jury decided that defendants were negligent in allowing the water to run onto the sidewalk and form ice. With that finding of the jury plaintiff does not take issue. If defendants were negligent in permitting ice to form on the sidewalk, plaintiff was, as found by the jury, negligent in attempting to cross over that hazard, and his so doing permits of only one inference, to wit: his choosing to travel where he did, proximately contributed to his fall and injury.

We find no merit to plaintiff's first assignment and the same has been answered in what we have said herein. Unless the court, as a reasonable individual could conclude that the plaintiff's negligence was not a proximate cause of his fall, the court had no alternative but to refuse plaintiff's motion for judgment.

Affirmed. Costs to respondent.

HENRIOD and McDONOUGH, JJ., concur.

CROCKETT, Chief Justice (dissenting).

There were five issues to be determined: (A) Negligence of defendant; (B) Whether it was proximate cause; (C) Damages; (D) Negligence of plaintiff; (E) Whether it was proximate cause.

It will be noted that of the five issues, four of them were determined in favor of the plaintiff. As to (D) only was the answer adverse to him.

It cannot be doubted that strictly upon the basis of the answers as given, the plaintiff would be entitled to a judgment because they found on (E) that even though he was negligent, it had no effect in causing the injury. The only basis upon which the court could possibly justify depriving him of the damages which the jury found he suffered as a result of defendant's negligence is for the court to arbitrarily rule that the jury was wrong on issue (E).

The stated reasoning for the view that the jury was wrong on issue (E) seems to be this: They having found him negligent on issue (D), there is no reasonable basis for

3. 123 Utah 270, 258 P.2d 453, 456.

finding (E), that it did not contribute to cause the injury. The fallacy in such reasoning is the assumption that the jury was right in finding him negligent on issue (D), and therefore must be wrong on (E). I must concede that there is difficulty in reconciling the jury's opposite answers to (D) and (E). But if the court is going to arbitrarily say the jury is wrong on one or the other, it seems just as logical to say that their finding on issue (E) is right, which would say in effect there was no negligence which proximately contributed to cause the injury, and therefore they must have been mistaken on issue (D) as to negligence, as it would to accept finding (D) as correct and reject (E), thus defeating the plaintiff.

It is appreciated that there is a reasonable basis in evidence for finding (D), that the plaintiff was negligent, whereas, if we assume that finding to be correct, there is no reasonable basis for finding (E) that plaintiff's negligence was not a proximate cause. Nevertheless, the answers were contradictory. They show that the jury were confused and made no clear analysis and determination of the issues. After the return of their answers the inconsistency should have been called to their attention and they be given an opportunity to further deliberate and agree upon consistent answers if possible. Undesirable as it is to protract litigation, as I see it, the only way that justice can be done here is to remand the case for a clear and unequivocal determination of the issues of fact. I, would therefore grant a new trial for that purpose.

WADE, J., concurs with the views expressed by CROCKETT, C. J.