## Kaplan v. Kaplan, Appellant.

Argued April 26, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused June 16, 1961.

*Howard R. Detweiler,* for appellants.

*Max Meshon,* with him *Carl K. Zucker,* and *Eilberg, Meshon & Brener,* for appellee.

OPINION BY MR. JUSTICE BELL, May 25, 1961:

Plaintiff brought an action in trespass against the Philadelphia Transportation Company to recover damages for personal injuries he sustained when struck by defendant's trackless trolley on January 20, 1956. Morris Kaplan and Louis Shupak Company, appellants herein, were joined as additional defendants by the Philadelphia Transportation Company. The jury returned a verdict in favor of plaintiff and against all * defendants. The additional defendants filed motions for judgment n.o.v. and for a new trial. These motions were denied by the Court below and from the judgment entered on the verdict, these appeals were taken.

In considering a motion for judgment n.o.v., the evidence must be considered in the light most favorable to the verdict winner, and he must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor: *Ason v. Leonhart,* 402 Pa. 312, 165 A. 2d 625; *McDonald v. Ferrebee,* 366 Pa. 543, 79 A. 2d 232.

Considering the evidence in the light of these well settled principles, the facts, which are relatively undisputed, may be thus summarized:

---

* The Philadelphia Transportation Company settled with plaintiff prior to trial and was given a release as to its liability only; consequently it did not appeal.

Plaintiff, who was serving in the United States Army, was home on leave. On the day of the accident plaintiff accompanied his uncle Kaplan on the latter's pickle delivery route. The additional defendant Morris Kaplan was employed as a driver by the additional defendant Shupak Company. Defendant stopped the truck on the south side of Ridge Avenue (near Dauphin Street) in Philadelphia. Plaintiff, who was assisting his uncle, took a gallon jar of pickles from the truck and delivered it to a store on the southeast corner of Ridge Avenue and Dauphin Street. When plaintiff came out of the store, he discovered the truck had been moved and was now stopped on Ridge Avenue above the northwest corner of Ridge Avenue and 32nd Street. The truck was parked on the left-hand (wrong) side of the street facing traffic. Plaintiff testified that he walked up to the *rear* of the truck with the intention of putting some empty pickle jars in the *back* of the truck and then walking out into the travelled portion of Ridge Avenue to get into the cab of that truck in the face of traffic. He walked in the street behind the truck, peered around it to see if any traffic was approaching and was instantly struck by the trackless trolley. He could have gotten into the cab of the truck from the sidewalk with complete safety.

Plaintiff's basic contention is that additional defendants were guilty of negligence *per se* because their truck was parked in violation of §1020 of The Vehicle Code of May 1, 1929,* and that this negligence was the proximate cause of the accident. Violation of a statute may be negligence *per se* and liability may be grounded on such negligence *if, but only if, such negligence is the proximate and efficient cause of the accident in question: Steele v. Peoples Natural Gas Co.,*

---

* P. L. 905, as amended, now §1021 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1021.

386 Pa. 439, 444, 127 A. 2d 96; *Listino v. Union Paving Co.*, 386 Pa. 32, 124 A. 2d 83; *DeLuca v. Manchester Laundry & Dry Cleaning Co., Inc.*, 380 Pa. 484, 488, 112 A. 2d 372. The instant case is clearly ruled by *Listino* and *DeLuca,* supra. In those cases a judgment non obstante veredicto was entered by this Court upon the ground that the violation of an ordinance by an illegal parking was not the proximate cause of the accident. In *DeLuca v. Manchester Laundry & Dry Cleaning Co.,* supra, Chief Justice STERN said (pages 488-492) : "Ordinarily the question whether the negligence of a defendant is a proximate cause of the accident is for the fact-finding tribunal (Landis, Administratrix v. Conestoga Transportation Company (No. 1), 349 Pa. 97, 100, 36 A. 2d 465, 466), but where the relevant facts are not in dispute and the remoteness of the causal connection between defendant's negligence and plaintiff's injury clearly appears from the evidence the question becomes one of law and, as such, is within the scope of appellate review: [citing numerous cases].

". . . [A]ssuming, arguendo, that the Laundry Company was guilty of a violation of the provisions of the statute and therefore negligent per se, such negligence was not a ground of liability unless it was the proximate and efficient cause of the accident in question: Hayes v. Schomaker, 302 Pa. 72, 77, 152 A. 827, 829; Hutchinson v. Follmer Trucking Company, 333 Pa. 424, 427, 5 A. 2d 182, 183; Shakley v. Lee, 368 Pa. 476, 478, 84 A. 2d 322, 323; Purol, Inc. v. Great Eastern System, Inc., 130 Pa. Superior Ct. 341, 344, 345, 197 A. 543, 544, 545; Vunak v. Walters, 157 Pa. Superior Ct. 660, 662, 43 A. 2d 536, 537. This is because an act of negligence which creates merely a passive background or circumstance of an accident does not give rise to a right of recovery if the accident was in fact caused by an intervening act of negligence which is a superseding cause: Stone v. Philadelphia, 302 Pa. 340, 153 A. 550;

Schwartz v. Jaffe, 324 Pa. 324, 332, 188 A. 295, 298; Kline v. Moyer and Albert, 325 Pa. 357, 191 A. 43; Ashworth v. Hannum, 347 Pa. 393, 397, 398, 32 A. 2d 407, 409; Venorick v. Revetta, 152 Pa. Superior Ct. 455, 33 A. 2d 655.

"The question, then, is whether the parking of the Laundry Company's truck, even if it were a violation of the statute and therefore an act of negligence, was a proximate or only what the law regards as a remote cause of plaintiff's accident. . .

"In Kline v. Moyer and Albert, 325 Pa. 357, 191 A. 43, a truck was negligently parked on the highway in the dusk of a late afternoon. A car in which the plaintiff was a guest rider started to pass the standing truck when another automobile coming in the opposite direction swerved from the rear of the truck and struck plaintiff's car in a head-on collision. The question in the case was whether a cause of action should be maintained against the driver of the standing truck or whether his negligence had been superseded by that of the driver of the automobile which struck plaintiff's car. It was held that if the driver of the car saw and knew of the position of the standing truck and nevertheless thereafter proceeded negligently, with the result that the accident occurred, the original negligence of the driver of the truck had become a non-causal factor divested of legal significance; as to it the chain of causation had been broken and responsibility remained solely with the operator of the offending car. . ."

Furthermore, in *Mastrocinque v. McCann*, 385 Pa. 33, 122 A. 2d 55, the Court pertinently said (page 36): "Moreover, decedent was guilty of negligence as a matter of law. He chose a place of danger in preference to one of comparative safety and by reason of his position was injured. His so doing amounted to an assumed risk, and recovery must be denied: Hall v. Ziegler, 361 Pa. 228, 230, 231, 64 A. 2d 767." See to the

same effect *DeFonde v. Keystone Valley Coal Co.*, 386 Pa. 433, 126 A. 2d 439, and many cases cited therein.

Judgment is reversed and here entered for defendants.

Mr. Justice MUSMANNO dissents.