497 P.2d 28

Ray LINDSAY, individually, and Ray Lindsay, as administrator of the Estate of Grace Lindsay, Deceased, Plaintiffs and Appellants,

v.

GIBBONS AND REED, a Utah corporation, Defendant and Respondent.

No. 12550.

Supreme Court of Utah.

May 16, 1972.

**420**

Romney & Nelson, Donn E. Cassity, Eugene H. Davis, Salt Lake City, for plaintiffs and appellants.

Bayle & Lauchnor, F. Robert Bayle, Salt Lake City, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action, as administrator of his wife's estate for her wrongful death, and on behalf of himself for personal injuries and property damage sustained in a motor vehicle collision. Defendant moved for a directed verdict at the close of the evidence offered by plaintiff, Rule 50(a), U.R.C.P.; the trial court granted the motion, rendered judgment for the defendant, and discharged the jury. The trial court subsequently denied plaintiff's motion to amend the judgment or for a new trial; plaintiff appeals.

On September 11, 1965, at approximately eight o'clock in the evening, plaintiff's car was struck head-on by an automobile operated by one Ester Lewis, who died several days after the accident. Plaintiff was proceeding westerly on U.S. 40, near Blackrock, Utah, and Lewis was traveling easterly; the collision occurred in the westbound lane. Shortly after the accident, Lewis made a statement to the investigating officer that he was going 60 miles per hour, that he observed a vehicle in front of him, that he turned to the left toward what he thought was a field and collided with plaintiff. Plaintiff testified that on the night of the accident he had a clear view of the road, that his lights were on low beam; that he could see the right edge of

the highway and that he had no problem staying on his side of the road. Plaintiff observed the lights on the Lewis vehicle approximately 1,000 feet away, but he only realized Lewis was on the wrong side of the road seconds before the accident.

The accident occurred 200 or 300 feet west of the beginning of a highway construction project; defendant had the contract to construct 1.7 miles of a divided two-lane highway which would be separated by a median strip between the east and westbound lanes. At the time of the accident, the westbound lane had not been opened and was barricaded by 12 flasher barricades; all traffic was routed over the eastbound lane. As one proceeded westerly along the two-lane highway, the barricades were placed so as to block the entrance to the new westbound lane and to direct one into the right side of the eastbound lane. As the eastbound traffic emerged from the new highway, the road broadened and then narrowed as it merged into U. S. 40. As the Lewis vehicle emerged from the new eastbound lane, the pavement widened and curved; the evidence indicated that the Lewis vehicle traveled in a straight line, rather than following the curve and thus crossed into the opposing lane of traffic.

According to the evidence, on the date of the accident defendant had completed the hard surfacing of the highway, its remaining work involved shaping up the shoulders and a general cleanup. The state had the responsibility to stripe the highway, which had been partially completed, but in the area of the accident the state had placed daub marks, which consisted of reflectorized yellow paint, six inches wide and 10 or 12 inches long, and approximately 25 feet apart. The final inspection and completion of defendant's work occurred on October 6, 1965.

Initially plaintiff's action was against defendant and the estate of Ester Lewis; the latter party settled. Plaintiff's action was predicated on the theory that defendant failed to place adequate warning signs slightly curbed and without a dividing line, in this newly completed area, which was and as a result of defendant's negligence, Ester Lewis became confused and was unable to determine his proper lane of traffic and was misled into plaintiff's lane where the collision occurred.

At the close of plaintiff's case, defendant made its motion on the grounds: (a) No evidence had been introduced to indicate that defendant was guilty of negligence which proximately caused or contributed to cause the accident; (b) sole proximate cause, based upon the facts and the evidence, appeared to be the illegal driving of Mr. Lewis.

On appeal, plaintiff contends that the trial court erred by directing the verdict, since there was substantial, direct and circumstantial evidence that a dangerous

trap-like condition existed, namely, an un-lined curve where the road widens and narrows, which caused Ester Lewis to be misled and to drive on the wrong side of the road, and that defendant failed to provide project signs which warned of this hazard.

A plaintiff must present sufficient evidence to establish a prima facie case against the defendant in order to have his cause submitted for consideration by the jury. If plaintiff fails to do so, defendant is entitled to have the verdict directed in his favor. On appeal, this court will examine the evidence introduced by plaintiff to support the alleged negligence of defendant to determine whether the evidence reveals, when viewed in the light most favorable to plaintiff that he had carried his burden.[1]

This court has long adhered to the rule that when a hazard is created by a contractor upon a public highway, he has the duty to place suitable barricades, warning signs, and lights to warn the traveling public of the presence of the hazard. This duty is one running to the public, regardless of the provisions in the contract between the public body and the contractor.[2]

In the instant action, the area involved resembled a slightly curved stem of a plant, from whence two branches emerge. The accident scene was in the vicinity of the stem; this was the completed version of the physical layout of the highway; and, if it be deemed hazardous, it was not a condition created by the contractor during the course of the construction. The work of the contractor was completed except for minor finishing touches. The state was in the process of lining the area, and the daub marks had been painted. In essence, plaintiff has asserted that the design of the highway itself was dangerous, and defendant had a duty to so warn. Plaintiff contends that defendant had a duty to erect signs warning travelers to keep right, two-way traffic, slow, and curve. The road upon which Mr. Lewis was traveling did have two-way traffic and the duty devolved upon him to keep to the right. The area was flat open country, and, although it was a dark night, plaintiff testified that he had no trouble seeing the road.

Defendant, in its motion, emphasized the element of causation, i. e., if the matter were submitted to the jury, the reason Mr. Lewis was driving in the wrong lane would be subject to sheer speculation. Defendant has suggested that perhaps Mr. Lewis had fallen asleep or was distracted from his driving while performing some

1. Gregory v. Denver & Rio Grande Western Ry. Co., 8 Utah 2d 114, 116, 329 P.2d 407 (1958).

2. Hansen v. Clyde, 89 Utah 31, 36, 56 P.2d 1366, 104 A.L.R. 943 (1936).

other task. His announced election to turn to the left when he observed plaintiff's vehicle undoubtedly foreclosed any opportunity to avert the collision.

 A finding of causation cannot be predicated on mere speculation or conjecture, and the matter must be withdrawn from the jury's consideration, unless there is evidence from which the inference may reasonably be drawn that the injury suffered was caused by the negligent act of the defendant.[3] Jurors may not speculate as to possibilities; they may, however, make justifiable inferences from circumstantial evidence to find negligence or proximate cause. In such instances, circumstantial evidence is sufficient to establish a prima facie case of negligence, if men of reasonable minds may conclude that there is a greater probability that the conduct relied upon was the proximate cause of the injury than there is that it was not.[4]

 In the instant action, there was a mere choice of probabilities as to why Mr. Lewis was in the wrong lane of traffic, and there was no basis in the evidence upon which the jury could reasonably believe that there was a greater probability

he was misled into the opposing lane rather than for some other reason.

The judgment of the trial court is affirmed. Costs are awarded to defendant.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

3. Newman v. San Mateo County, 121 Cal.App.2d 825, 264 P.2d 594, 596 (1953); Atchison, Topeka & Santa Fe Ry. Co. v. Toops, 281 U.S. 351, 50 S.Ct. 281, 74 L.Ed. 896 (1929); Milligan v. Capitol Furniture Co., 8 Utah 2d 383, 387, 225 P.2d 619 (1959).

4. Zukowsky v. Brown, 1 Wash.App. 94, 459 P.2d 964, 967 (1969); Alvarado v. Tucker, 2 Utah 2d 16, 19, 268 P.2d 986 (1954).