## Dove v. Gruber

*James T. Reilly,* for plaintiff.
*Wiley P. Parker,* for defendant.

WALTER, *J.,* June 14, 1985 Plaintiff filed this motion in limine to exclude all references to the results of a blood alcohol test which placed plaintiff's decedent's blood alcohol content (BAC) at .213 at the time of the fatal collision and/or to any consumption of alcohol by decedent. Both parties have presented oral arguments and submitted briefs, supporting documents and depositions for our consideration. We have reviewed the proffered evidence and have determined that decedent's blood alcohol level and his consumption of alcohol are not relevant to defendant's case and evidence thereof would have an unduly prejudicial effect on plaintiff's case. Plaintiff's motion will be sustained.

This case stems from a fatal head on collision which occurred at 9:15 p.m. on the evening of July 8, 1983 in Union Township, Lebanon County. Defendant was driving north on FAP 140, less than a mile north of the Lickdale intersection. Plaintiff's decedent (hereafter Dove) was driving south on the

same two lane road. The two cars collided near the center line, midway through a curve. Dove was killed instantly; defendant was pinned in his car until removed by emergency personnel. He suffered injuries to his legs and feet.

Blood alcohol tests were performed on a sample of defendant's blood taken at the hospital and on a blood sample removed from Dove at the scene at 10:20 p.m. by the coroner. Defendant's blood alcohol test revealed a trace of alcohol from his consumption of beer while golfing the day before. Dove's blood alcohol content (BAC) was .213.

Depositions explaining test procedures used on Dove's blood sample were taken of the coroner, Dr. Robert M. Kline, and Lloyd Howard, the Department of Health chemist who actually tested Dove's sample using gas chromotography equipment. Depositions of defendant, Harvey W. Davis, James Davis, and Mr. and Mrs. Hugh Peters were taken to shed light on Dove's condition prior to the accident.

Plaintiff argues that evidence of Dove's alleged intoxication standing alone, is not admissible because of its inherently prejudicial nature. Plaintiff claims reference to Dove's alleged intoxication would be irrelevant since: (1) there is no evidence Dove had been drinking; (2) drinking alcohol is not illegal; (3) there is no evidence that Dove's alleged alcohol consumption impaired his driving ability; and (4) the accuracy of the blood alcohol test is questionable.

The general rule governing admission of evidence of intoxication was clearly set forth in Morreale v. Prince, 436 Pa. 51, 53, 258 A.2d 508 (1969) and reiterated in a long line of cases:

". . . while proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudi-

cial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive. . . . "Fisher v. Dye, 386 Pa. 141, 148, 125 A.2d 472, 476 (1956) (citations omitted).

Courts refuse to admit evidence of a party's imbibing alcohol in a civil trial absent additional facts which would show a level of intoxication that adversely affected driving ability. For example in Emerick v. Carson, in 325 Pa.Super. 308, 472 A.2d 1133, 1135 (1984), evidence of plaintiff's intoxicated state was held admissible. Besides plaintiff's .185 blood alcohol content, defendant provided additional facts as plaintiff's admission of drinking alcohol, his observation of alcoholic odor on plaintiff's breath, expert testimony projecting .185 to have been .220 blood alcohol content at the time of the accident and evidence regarding plaintiff's reckless behavior inconsistent with the behavior expected of a sober man (i.e. he remained in a dangerous place after narrowly avoiding being hit by oncoming cars prior to being struck by defendant's car).

In the case at bar, reckless or careless driving is at issue since each side contends the other caused the accident by being in the wrong lane. The question for our determination is whether or not additional facts have been averred to render evidence of Dove's intoxication admissible? We think not.

Plaintiff contends no evidence exists of Dove's intoxication other than the questionable blood alcohol test results. Plaintiff's witnesses are Dove's grandfather, Harvey Davis, and uncle, James Davis, who both observed Dove the evening of the accident. Neither saw any indications that Dove had been or was then drinking. Dove drove his car into and out of his mother's driveway without difficulty. His gait seemed normal, as did his speech and appearance. But neither witness had an extended encounter

with Dove. He spoke briefly with his grandfather for about five minutes and merely waved to his uncle who was gardening 500 feet away.

The bias of these witnesses is apparent from their family ties and from their insinuations of police misconduct during the investigation based on the fact defendant's father was then chief of the Lebanon City Police force. We did not find the Peters' depositions helpful since both admitted Dove was not breathing when they examined him and they seemed predisposed to find defendant drunk. Their detection of beer odor on defendant is meaningless in light of his admission that the crash shattered a case of beer in his car causing everything in the car to reek of that smell and the subsequent finding of a low BAC in defendant at the time of the accident.

The supporting documents filed by plaintiff detail experiments at the University of Colorado which test individual responses to alcohol by measuring metabolic clearance rates and behavioral tolerance through observing blood alcohol levels and performance of various tasks. The data reflect the well known phenomena that different people handle similar amounts of alcohol in different ways. These documents underscore that persons under the influence are capable of varying degrees of socially acceptable behavior and do not necessarily appear "drunk". Thus, Dove could very well have been conversing with the witnesses without his blood alcohol content of .213 readily apparent during a brief meeting.

Defendant contends he has supplied us with the additional averments to make evidence of Dove's intoxication admissible. Defendant's deposition presents his version of the accident. He claims Dove left the southbound lane as he rounded the curve and was travelling in defendant's northbound lane.

Dove's headlights were squarely in defendant's lane. Defendant swerved to the right intending to use the berm to avoid Dove but the berm was very narrow and Dove kept approaching. Defendant then opted to swerve left to avoid a crash, but Dove also moved to the left to return to his correct lane. The cars collided about the center line, leaving much debris in the southbound lane.

Defendant's testimony of Dove's reckless driving would be buttressed by the proposed expert testimony by G. Thomas Passananti, Ph.D., Toxicologist D.A.B.F.T. that a blood alcohol level of 0.21 percent renders a person incapable of safe driving. Defendant contends these are sufficient additional facts making Dove's intoxication both relevant and material, and therefore admissible.

We note that no *direct* evidence concerning Dove's activities on the evening of July 8, 1983 has been uncovered. This places the accuracy of the BAC of .213 at issue.

Plaintiff vigorously contests the accuracy of the .213 blood alcohol test results because the sample tested came from Dove's heart. As authority, he cites Arnold Bakeries, Inc. v. W.C.A.B. (Knowles), 80 Pa. Commw. 531, 471 A.2d 1329 (1984), where the autopsy pathologist testified that in eight of 51 cases studies the level of alcohol in blood pooled in the pericardial sac was falsely and significantly elevated between 0.05 and 0.09 percentage points. 471 A.2d at 1330 n.2.

We find the Arnold Bakeries case raises serious questions regarding the accuracy of Dove's blood alcohol content. While the number of cases whose results were tested, compared and reported was small we are persuaded that both the percentage of the cases affected by variation (15.7 percent) and the size of the variation itself are significant and pivotal.

For even should we extend to plaintiff the benefit of the margin of error of 0.09 percent, we are still confronted with a BAC reading of .123 percent. This lower result, however, successfully negates the proposed expert testimony of Dr. Passananti, making his opinions irrelevant. Notwithstanding, defendant claims the BAC is admissible as evidence of negligence per se.

Driving with a BAC in excess of .10 percent is a violation of the Vehicle Code, 75 Pa.C.S. §3731(a)(4). Violation of a mandatory provision of the law passed for the purpose of aiding highway safety is indeed negligence per se. Jinks v. Currie, 324 Pa. 532, 188 Atl.356 (1936). However, "[v]iolation of a statute, constituting negligence per se, is nevertheless not a ground of liability, nor does it support a charge of contributory negligence, unless it is the proximate and efficient cause of an accident which is of the type the legislative enactment was designed to prevent: (citations omitted)." Shackley v. Lee, 368 Pa. 476, 478, 84 A.2d 322, 323 (1951).

Although Dove's BAC in excess of .10 percent *could* be negligence per se, if not the type of vehicle code violation which directly and undisputedly causes accidents, in contrast to such examples as running a traffic light or stop sign, passing illegally, speeding or not looking when entering an intersection. We cannot say as a matter of law that Dove's alleged illegal BAC was the proximate cause of the fatal crash. Therefore we refuse to find it negligence per se. We find this situation analogous to that discussed in Kaplan v. Kaplan, 404 Pa. 147, 150-51, 171 A.2d 166, 168 (1961) where the court stated that in assuming negligence per se by violation of the vehicle code (here illegal parking), such negligence is not a ground of liability unless it was the legal and efficient cause of the accident. "This is be-

cause an act of negligence which creates merely a passive background or circumstances of an accident does not give rise to a right of recovery if the accident was in fact caused by an intervening act of negligence which is a superseding cause . . . ." Id.

Defendant will have to prove Dove's questionable BAC was a legal cause of the collision. He will have to rely on his version of the events and physical evidence (skid marks, debris, photographs of the scene) to prove Dove was driving in his lane. This evidence must carry his case regardless of Dove's BAC. In light of the doubtful accuracy of the .213 BAC coupled with plaintiff's depositions we hold admission of any evidence relating to Dove's BAC or consumption of alcohol shall be excluded from trial. Considering defendant's theory of his case and the evidence he must present in support thereof, we believe defendant will not be prejudiced by our ruling. A finding of admissibility would be both unduly prejudicial to plaintiff and sans probative value for the fact finders.

## ORDER OF COURT

And now, this June 14, 1985, for the reasons set forth in the accompanying opinion, plaintiff's motion in limine is sustained.