## JOHN T. BUTLER v. GETTYSBURG ETC. R. CO.

ERROR TO THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued May 3, 1889—Affirmed at Bar.

In an action to recover damages for injuries resulting from the alleged negligence of the defendant, although the plaintiff's testimony in chief might warrant a submission of the case to the jury, yet if his admissions on cross-examination establish contributory negligence, it is not error to enter a judgment of compulsory nonsuit.

*Commonwealth v. Smoulter, ante, p. 137.

Before Paxson, C. J., Sterrett, Williams, McCollum and Mitchell, JJ.

No. 405 January Term 1889, Sup. Ct.

On June 15, 1887, a summons in case was issued in an action by John T. Butler against the Gettysburg and Harrisburg Railroad Company, to recover damages for bodily injuries caused by the alleged negligence of defendant company. The plea was, not guilty.

At the trial on May 31, 1888, the plaintiff himself testified, in substance, in his case in chief, that on March 17, 1887, he was driving an open one horse wagon, and came to a point called Mansfield's, within 300 feet from the defendant company's crossing, where there was an elevation from which he could see the railroad track for about 1500 feet, as it emerged from the woods in the direction whence the train came; that he stopped, looked and listened, but did not see or hear any train, and then went on down toward the track, which crossed the turnpike on which he was driving at an angle of about 35 degrees; that when he reached Smith's, about 100 feet from the track, he again slacked up, although he did not entirely stop, and again looked and listened, but saw and heard nothing; that he then drove slowly looking up the track and listening, but seeing and hearing nothing until his horse was just on the track, when he heard the train, whipped up his horse, but his wagon was struck by the engine before he had crossed.

On cross-examination, the plaintiff testified:

Q. If you had stopped just before your horse got on the track, and listened, you would have heard the train? A. May be I might.

Q. And if you had stopped when you got within ten or fifteen feet of the track and listened, you must have heard the train coming, wouldn't you? A. I think I would.

Q. But after you had passed Smith's you thought you were safe? A. Yes, sir; I considered myself pretty safe.

Q. You say you listened at Smith's and considered yourself pretty safe? A. I stopped at Mr. Mansfield's.

※　　※　　※　　※　　※　　※　　※　　※

Q. If you had stopped and looked for the train when you got

within twenty feet of the track you would have seen it, wouldn't you?   A. I reckon I would ; I did look when I was about fifty feet from the track; I tell you that train was like lightning.

Q. If you had stopped and looked particularly when you were fifty feet away from the track you must have seen it or heard it?   A. Yes, I have pretty good eyesight.

*    *    *    *    *    *    *    *

Q. From the way that road is built there when you get within, say twenty feet from the track at the crossing, you can see up the track for some distance, can't you?   A. Yes, sir.

Q. For a considerable distance ?   A. Yes, sir.

Q. See back to the mill, and above it?   A. Yes, sir.

Q. If you had looked up the road you would have seen the cars, but you weren't looking, isn't that so ?   A. I don't suppose I was looking just then ; between Smith's and the crossing I looked the last time.

Q. The road comes so that when you are within twenty feet of the track, if you look towards the upper mill, you can see the train plainly for a long distance ?   A. Yes, sir.

Q. If you had looked then you would have seen it coming ? A. I suppose I might have looked then.   My goodness, there might be a dozen men go along the same way and not look.

Q. Do you drive much along that road ?   A. Pretty smart, sir, off and on.

Q. You have seen the train coming from above that mill down that way often ?   A. Yes, sir.

Q. You passed over this crossing nearly every day, didn't you?   A. Pretty often, sir.

Q. You had a very quiet horse?   A. Very quiet indeed.

Q. Scare at the cars ?   No, sir.

Q. If you had seen the train and had known it was coming, you could have stopped?   A. Right close to the road, because the horse worked about it every day.

Q. If you had stopped there and the train had gone by, it would not have frightened him a bit?   A. No, sir.

The plaintiff put in evidence an ordinance of the borough of Mt. Holly Springs, within the limits of which the crossing was situate, requiring a flagman to be kept at the crossing by the defendant company, and prohibiting greater speed in the running of trains than three miles an hour, and closed with

testimony to the effect that this limit was exceeded by the defendant company on the occasion of the injury.

At the close of the plaintiff's testimony, the court, SADLER, P. J., on motion, entered a judgment of compulsory nonsuit, with leave, etc. Motion; Rule.

On January 15, 1889, the court, SADLER, P. J., discharged the rule to vacate the judgment of nonsuit, saying:

The cross-examination of the plaintiff, showed, under the ruling in Penn. R. Co. v. Beale, 73 Pa. 504, and kindred cases, contributory negligence on his part and justified the granting of the nonsuit.

The dangerous character of the crossing must have been well known to the plaintiff, as he was accustomed to pass over it.

A reference to some of the questions put to Mr. Butler by the attorneys for the defendant, and his answer as made, will be made in support of the view entertained by us.

\*     \*     \*     \*     \*     \*     \*     \*

Now while the testimony of the plaintiff in chief was such that upon it alone, we should have submitted it to the jury to determine whether he acted with reasonable care, yet it is proper to take the admissions against himself as true, and they certainly establish the fact that his negligence did at least in some degree, contribute to the accident.

And now January 15, 1889, the motion to take off the compulsory nonsuit is overruled, and the prothonotary is directed to enter judgment on the verdict.

Thereupon the plaintiff took this writ, assigning for error the entry of the judgment of nonsuit, and the refusal to vacate said judgment.

*Mr. J. M. Weakley* (with him *Mr. F. E. Beltzhoover*), for the plaintiff in error.

*Messrs. S. Hepburn* and *Mr. S. Hepburn, Jr.*, for the defendant in error.

PER CURIAM:
On the argument at Bar,

Judgment affirmed.