## Lynch, Appellant, v. Erie City.

*Highways—Contributory negligence—Plaintiff's testimony.*

It is incumbent upon plaintiff to establish a prima facie cause of action resulting from defendant's negligence, clear from contributory negligence on his part. If his own cross-examination discloses contributory negligence, which he fails to explain, the essential fact is not established, and the court is right in giving binding instructions to the jury to find for defendant.

*Contributory negligence—Knowledge of danger—Choice of routes.*

Where a traveler is aware of the dangerous condition of the highway, and is at liberty to choose another route which is entirely safe, but fails to do so, he is guilty of contributory negligence and cannot recover for resulting injuries.

Argued April 27, 1892.   Appeal, No. 434, Jan. T., 1892, by plaintiff, Michael Lynch, from judgment of C. P. Erie Co., Sept. T., 1890, No. 47, on verdict for defendant.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

The facts appear by the opinion of the Supreme Court.

The court below, MORRISON, J., of the 48th judicial district, specially presiding, charged, that plaintiff was guilty of contributory negligence, and gave binding instructions for defendant.

*Errors assigned* were (1, 2) instructions, quoting them.

*T. A. Lamb* and *E. A. Walling,* for appellant, cited Forker v. Sandy Lake, 130 Pa. 123 ; Nanticoke v. Warne, 106 Pa. 373 ; Millcreek Tp. v. Perry, 20 W. N. C. 359 ; Kohler v. R. R. Co., 135 Pa. 346 ; Bridge Co. v. Bevard, 11 Atl. Rep. 575 ; Easton v. Neff, 102 Pa. 474.

*Jos. P. O'Brien,* city solicitor, for appellee, cited Altoona v. Lotz, 114 Pa. 238.

OPINION BY MR. JUSTICE HEYDRICK, October 3, 1892.

It was incumbent upon the plaintiff to establish a prima facie cause of action resulting exclusively from the negligence of the defendant, or, in other words, a case clear of contributory negligence upon his own part, before the defendant need answer at all.   If, being a witness in his own behalf, his testimony upon cross-examination disclosed such contributory negligence, it cannot be said that he had established such prima facie cause of action, though his examination in chief and other parts of his cross-examination filled the full measure of proof required by the strictest rule.   By this it is not meant to say that a party who has made a slip on the witness stand may not explain it.   In such case the statement against himself and the explanation may properly go together before the jury. But where he has clearly contradicted himself upon a vital point, and offered no explanation, the least that can be said is that he has not established the essential fact.   In the light of these obvious principles it will be seen upon examination of the plaintiff's own testimony that the learned court below properly gave binding instructions to the jury to return a verdict for the defendant.

The injuries for which the plaintiff seeks to recover damages were the result of a fall caused by a defect in the sidewalk on the south side of Second street in the city of Erie, on a dark night in February, 1888. He had resided twenty-four years within two squares of the place of the accident and had been in the employ of the city during twelve years of that time as street foreman of the ward in which the place in question was situated. He testified that he knew at the time of the accident that the sidewalk on the north side of Second street was in bad condition. At a later stage his examination was as follows: " Q. You don't recollect ever walking over it (the sidewalk) before (the time of the accident)? A. No, sir; when I used to come that way I would go to the north side. Q. You knew there was a good way on the north side? A. Yes, sir; it was better." Now if he could truthfully say that the walk on the north side of the street which he had already described as bad, was better than that upon the south side, and give that as a reason for choosing it when passing along that street, he certainly knew the unsafe condition of the walk on the south side. It is true that he said he knew nothing about it, but he also said the same of the walk on the north side, after having sworn that it was " a bad sidewalk," that " it was broken out " and that he " knew then there were bricks out of it on the corner." Having thus contradicted himself upon a point about which it was his duty to leave no doubt or uncertainty, he offered no explanation, nor is there anything in his testimony from beginning to end to indicate that the statements against his interest were not as intelligently made as was his denial of knowledge of the danger. And it farther appearing from his testimony that there was another route equally direct by which he could have reached his destination without any inconvenience whatever, it cannot be said that he had shown a cause of action clear of contributory negligence upon his own part.

The judgment is therefore affirmed.