## Cazzulo *v.* Holscher et al., Appellants.

*Negligence—Building erection — Freshly placed ,stone — Stone carver working below—Fall of stone—Contributory negligence— Judgment for defendant n. o. v.*

In an action to recover for the death of plaintiff's husband, a stone carver, occasioned by the fall of a large stone under which he was working, deceased was guilty of contributory negligence as a matter of law and judgment will be entered for defendant non obstante veredicto, where it appeared that defendants were engaged in setting the stones on a building and that deceased was the employee of the company doing the carving work; that immediately after the placing of the stone in question, plaintiff started to carve a stone under it and others which had been recently placed, although, according to plaintiff's own witness, he had been warned not to work there until the mortar should dry; and there was no direct evidence as to the cause of the fall of the stone.

Argued April 1, 1918.   Appeal, No. 64, Jan. T., 1918, by defendants, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1916, No. 4540, on verdict for plaintiff, in case of Caterina Cazzulo v. Peter Holscher and Joseph Holscher, copartners trading as Peter Holscher and Son. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Reversed.

Trespass to recover damages for death of plaintiff's husband.   Before CARR, J.

448    CAZZULO v. HOLSCHER et al., Appellants.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $10,700.00 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing to enter judgment for defendant n. o. v.

*Maurice W. Sloan,* for appellants.—There was no evidence of the defendant's negligence.

*William A. Gray,* for appellee.—The case was for the jury: Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497; Booth v. Dorsey, 208 Pa. 276; Hauer v. Erie County Electric Co., 51 Pa. Superior Ct. 613.

OPINION BY MR. CHIEF JUSTICE BROWN, June 3, 1918:

Stephano Cazzulo, the husband of the appellee, was a stone carver in the employ of Tongnarelli & Voigt Company. The appellants, Peter Holscher and Son, were stone setters and had a contract for the setting of stone in the erection of an armory building at Thirty-second street and Lancaster avenue, in the City of Philadelphia. On May 29, 1916, they were setting the last two courses, and immediately under them Cazzulo was standing on a scaffold to carve an eagle on one of the stones. While he was thus working, the stones above him, which had just been set in place by the appellants, fell and struck him and his instant death resulted. In this action, brought by his widow, the questions of the negligence of the defendants and the contributory negligence of the deceased were submitted to the jury, whose verdict was for the plaintiff. From the judgment on it the defendants have appealed.

The work of the defendants was to set stones; that of the deceased, as an employee of another firm or company, was to do carving work on them after they had been set. The relation of employee and employer between the deceased and the defendants did not exist. On

the trial of the case the defendants offered no testimony. From that offered by the plaintiff it did not appear in what respect the defendants had been negligent in setting the stones which fell. There was nothing before the jury except the mere happening of the accident; but, even if this brought the case within the rule that when the thing which causes the injury is shown to be under the management of the defendants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care, the court ought to have declared as a matter of law that the deceased had been guilty of contributory negligence, barring a recovery by his widow.

George Wilson, called as a witness by the plaintiff, testified that he saw the stones being set immediately before they fell; that he saw and heard the deceased and another carver on the scaffold carving stones immediately beneath those which fell upon them; and he further stated that one of the defendants who had charge of the setting of the stones warned the deceased not to work under them while they were freshly set and before the top stones had been put in place. His testimony was: "Q. Cazzulo, the man that was killed, he was working underneath this freshly cut stone, chiseling at the eagle, wasn't he? A. He was working under there. Q. With hammer and chisel, hammering on it? A. I guess so. I was on the roof. Q. You know he was there and that is what he was doing? A. Yes. Q. You heard the hammer hitting? A. Yes, I heard it. Q. You know he was working on the eagle? A. Yes, sir. Q. His duty was carving out the eagle? A. Yes. Q. That is what he was doing underneath there? A. Yes. Q. Did you hear Mr. Holscher tell him not to work under there while the stone was freshly set and before they got the top stone on? A. I heard him tell him that that morning. Q. You heard him tell him that morning not to work there that it was

dangerous? A. I heard him tell him that morning. Q. And that it was dangerous to work there? A. I heard him tell him he would not work there, that it was dangerous underneath that place. Q. You heard him tell him not to work there it was dangerous at that place? A. Yes." This testimony, coming from one of plaintiff's own witnesses, with nothing in that of any other witness called by her to discredit it in the slightest degree, her case as presented to the jury disclosed contributory negligence of her husband in continuing to work at a place of danger after having been told not to do so by the man who had set the stones immediately above him. One who was lawfully at his work setting the stones, and who knew the danger of working under them before they became firmly fixed in their places, duly warned the deceased of this danger, but the warning was unheeded, and the risk was assumed of the happening of just what did happen. Plaintiff's case as presented to the jury disclosed contributory negligence on the part of her unfortunate husband, and for his death the defendants are, therefore, not answerable, even if they were guilty of negligence in their work: Butler v. Gettysburg and Harrisburg Railroad Company, 126 Pa. 160; Lynch v. Erie City, 151 Pa. 380; Haertel v. Pennsylvania Light and Power Company, 219 Pa. 640; Tolson v. Philadelphia Rapid Transit Company, 248 Pa. 227.

The first and second assignments of error are sustained, the judgment is reversed and is here entered for the defendants.