## Dezelan *v.* Duquesne Light Company, Appellant.

Argued March 23, 1939. Before SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*John C. Bane, Jr.,* with him *F. T. Ikeler,* and *Reed, Smith, Shaw & McClay,* for appellant.

*Harry Alan Sherman,* for appellee.

OPINION BY MR. JUSTICE DREW, April 17, 1939:

In an action of trespass for personal injuries, a verdict for $5,500 was returned in favor of plaintiff. From the judgment entered following the refusal of the court below to enter judgment n. o. v. or to grant a new trial, defendant company took this appeal.

Viewing the evidence in the light most favorable to plaintiff, we must nevertheless conclude that the judgment n. o. v. should have been granted since plaintiff is barred by his own negligence. Prior to July 21, 1933, there stood at the curb line of Dersham Street in the City of Pittsburgh, immediately in front of plaintiff's lot and to the left of the walk leading to plaintiff's house, a wooden pole supporting electric wires of defendant company. The pole was between 25 and 30 feet in length, about 10 inches thick at the base, and weighed approximately 325 pounds. Shortly after 10 o'clock on the evening of July 21st the pole broke off at its base and fell, the cause of the break not being definitely disclosed by the evidence and not in issue in this case. When the pole fell, the base remained stationary on the ground at the curb. The top of the pole fell diagonally across the sidewalk and over a six foot wall and fence that extended along the front of plaintiff's lot, so that after the fall the top rested in a peach tree which stood about 15 feet back of the sidewalk in plaintiff's yard and to the right of the walk leading to the house. In this position the top of the pole was about 16 feet above the level of the sidewalk.

Defendant was immediately notified of the accident and within a few minutes one of its employees was sent to the scene. After cutting the wires from the pole the employee, assisted by several bystanders, proceeded to remove the pole. The employee and one bystander were in the tree, and with the aid of the others who stood on the ground began to slide the pole, base first, across the fence into the street. At this time plaintiff was standing on the sidewalk near the curb, facing the fence and the tree against which the pole rested. While the men were

attempting to slide the pole, it suddenly fell out of the tree; slid across the fence, and struck plaintiff on the right shoulder, knocking him into the street, and, it is claimed, seriously injuring him.

On the basis of the testimony it is plain that plaintiff was guilty of contributory negligence. Knowing the position of the pole, which was clearly within his view, he deliberately stood in a place of danger where he could not escape being hit by the pole if it slipped from the tree. That it might slip and fall was obvious. The principle controlling in this case was stated by this court in *Robinson v. American Ice Co.,* 292 Pa. 366, 369 : "Where a person assumes a position of danger when there is another safe place to which he may go, and by reason of this position is injured, ordinarily there can be no recovery against another who may be negligent, the injured person's position in itself being a contributing cause." Thus in *Cazzulo v. Holscher,* 261 Pa. 447, where plaintiff's husband was working beneath several stonesetters and while in this position was killed by some masonry falling upon him, we held that his contributory negligence in assuming a position in proximity to the place where the stones might fall barred the widow's action for wrongful death. In *Szanborsky v. Armour & Co.,* 306 Pa. 525, plaintiff sat with his leg extended along a rail so that his foot came within a short distance of a machine which at that time was not in use. When the machinery was suddenly set in motion, his foot slipped from the rail and was caught in a moving belt. This court held that plaintiff was guilty of contributory negligence since he should have foreseen the danger created by remaining near the machinery. A situation analogous to that in the instant case is found in *Currier v. Trustees of Dartmouth College,* 117 Fed. 44. The plaintiff in that case was standing a short distance from a chimney which was being torn down, and was injured by falling bricks. The court held that since he chose to stand near the structure he was barred by his own negligence and could not

complain that the chimney was removed in a negligent manner.

There is nothing in the record from which it could be found that plaintiff was required to stand where he did. He was not engaged in helping the other men in removing the pole or in directing the manner of its removal. Plaintiff did testify that he was cautioning the men to protect his tree as much as possible, but he makes no claim that it was necessary or even expedient to stand directly in front of the pole to do this. The record indicates that he might easily have assumed a place of safety. He could, for example, have stood in the yard or on his walk behind the tree, or on the sidewalk outside the area included in the sweep of the pole when it fell. Although the accident occurred at night, there was a street light which illuminated the yard, and plaintiff was able to observe all that occurred. He had in fact been standing on the curb watching the men during the considerable time it took to remove the wires and prepare to lift the pole out of the tree. Plaintiff was fully aware of the position of the pole and the manner in which defendant's employee was removing it. If, as plaintiff contends in order to sustain his claim that defendant was negligent, the manner adopted by defendant's employee to take the pole out of the tree was not adequate to prevent it from slipping, then plaintiff was in a position to foresee this danger. While it is true that a person is not bound to anticipate negligence on the part of another (*Handfinger v. Barnwell Brothers, Inc.*, 325 Pa. 319), nevertheless he cannot unreasonably expose himself to a danger created by defendant's negligence when he knows or in the exercise of ordinary care should know of that danger: *Cazzulo v. Holscher,* supra; *Chernuka v. Phila. Electric Co.,* 320 Pa. 193; Restatement of Torts, sec. 466. Here the danger arose out of the fact that the heavy pole had to be taken down from its precarious position. The jury found that this was done in an improper way. It was perfectly obvious that even if de-

fendant exercised ordinary care an accident might happen. In the circumstances there was neither reason nor excuse for plaintiff placing himself in a position where he would be hit if the pole fell.

For these reasons it is apparent that plaintiff's own negligence contributed to his injury, and now bars a recovery.

Judgment reversed and here entered for defendant.