371 A.2d 953

**Frances M. DOWNING, Appellant,**

v.

**Lamar H. SHAFFER, Jr.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1976.

Decided March 31, 1977.

514

Gailey C. Keller, Bloomsburg, for appellant.

David C. Dickson, Jr., Berwick, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred when it instructed the jury that she could be contributorily negli-

gent for choosing one of two possible routes from home to work. We agree and, therefore, vacate the judgment and grant a new trial.

The events leading to the instant suit occurred on February 22, 1973, at approximately 8:00 a. m., in Bloomsburg, Columbia County. At trial [1] on June 3, 1974, appellant-plaintiff testified that she was driving her 1972 Chrysler sedan out her driveway onto North Iron Street. She looked both ways for approaching cars, saw no traffic in either direction, and crossed one lane of traffic and turned left. After traveling north on Iron Street approximately 55 feet, her car was struck in the rear by appellee's automobile. She did not see appellee-defendant before the accident, but did hear brakes screeching. She lost consciousness briefly after her car was struck; the next thing she recalled was hearing appellee say: "My God, I didn't mean to hurt anybody. I was going thirty miles an hour, and you pulled out in front of me." Appellant instructed appellee to turn off her ignition, so she could remove her foot from the brake pedal. Appellant testified that she suffered severe injuries to her neck and back as a result of the collision, as well as $791.09 in damages to her automobile.

On cross-examination, appellant admitted that her vision to the right as she exits her driveway is obstructed because the hill crests about 200 feet away, and that motorists approaching from that direction cannot see her car as it exists the driveway until they reach the crest of the hill. She denied that she stopped before entering appellee's traffic lane on Iron Street because of a car approaching from the left and denied that a car was forced to swerve into appellee's lane of traffic to avoid hitting her. Appellant admitted that she could turn right, rather than left, and thereby use an alternate route to her place of employment. However, she used the alternate

---

1. Before the appellant opened her case, the jury went to the scene of the accident for a view.

route only in icy weather to avoid driving up a hill close to her place of work because the alternate route required a few extra minutes of driving.

Appellant called Bloomsburg Police Sergeant Albert Battisti, who arrived at the scene of the accident shortly after the collision. He testified to the following facts: the weather was clear and dry, the posted speed on Iron Street was 35 miles per hour, Iron Street had been cindered recently, which could cause severe skidding. He stated that the point of impact was 55 feet north of appellant's driveway in appellee's lane of travel and that appellant's car came to rest 35 feet north of the point of impact. Appellee's car started skidding sideways for approximately 40 feet before its right front corner struck the rear of appellant's car. Sergeant Battisti also testified that appellee could not possibly see appellant's car until it was 200–250 feet from the driveway because his vision would be obstructed by the hill to appellant's right. He also testified that Iron Street makes a sharp right curve at approximately the point at which appellant's vehicle came to rest which was about 90 feet north of her driveway.

Appellee testified that he was driving north on Iron Street at about 30 to 35 miles per hour. As he reached the crest of the hill approximately 200 feet from appellant's driveway, he saw a 1964 Chevrolet sedan swerve to avoid hitting appellant's car which was stopped in the southbound lane. He continued driving because he believed that appellant must have seen him approaching, but was surprised when appellant suddenly pulled into his lane about 100 feet in front of his car. He applied his brakes and started skidding. The right front corner of his vehicle struck the rear of appellant's car.

During its charge to the jury, the lower court agreed to give the following instruction tendered by the appellee over plaintiff's timely objection:

"Now, the defendant has also offered another defense which he has asked you to consider in determining

whether or not the plaintiff was guilty of contributory negligence which we indicated, that if you find the plaintiff guilty of contributory negligence, her claim would be barred. This doctrine that the defendant has asked you to take into consideration is one that is entitled 'choice of ways.' The defendant is claiming that the plaintiff is guilty of contributory negligence not only in the manner in which she conducted herself at the time of the accident, but in the selection of the route which she followed and which brought her to the scene of the accident. It is the contention of the defendant that the plaintiff selected a dangerous route in place of another safer means of travel. This makes it necessary that you be instructed concerning a requirement of the law of contributory negligence which we have already indicated to you. The law is where a person having a choice of two distinct ways, one of which is perfectly safe and the other of which is subject to risks and dangers, that person voluntarily chooses the dangerous one as against the one which is perfectly safe and is injured, that person so choosing may be guilty of contributory negligence and cannot recover.

"This rule does not apply unless there are two separate and distinct ways, one clearly recognizable as safe, and the other clearly involving hazards. This doesn't apply unless the injured party had complete freedom to make a choice between the two. This rule does not apply if the plaintiff was not aware of the dangerous condition of the route which she took, if there were no circumstances which put her on notice that the path in which she was about to take involved danger. We would point this rule out to you and it is going to be up to you to recall the testimony as to why the plaintiff chose the route in which she took, and how long she has been taking that route, and the feasibility of the other alternative route that was available, if you find there to be one, and also, the reasons that were offered by the plaintiff for having taken that route that she in fact did choose."

At the conclusion of the court's charge, the jury retired and returned a verdict for appellee-defendant because it found both parties negligent.[2] Appellant now contends that it was error for the court to instruct the jury that she could be negligent for choosing to turn left instead of right.

The so-called "choice of ways" rule is simply stated: "Where a person, having a choice of two ways, one of which is perfectly safe, and the other of which is subject to risks and dangers, voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover: *Haven v. Pittsburgh & Allegheny Bridge Co.*, 151 Pa. 620, 25 A. 311; *Levitt v. B/G Sandwich Shops, Inc.*, 294 Pa. 291, 144 A. 71; *Kaczynski v. Pittsburgh*, 309 Pa. 211, 163 A. 513; *Tharp v. Pennsylvania Railroad Co.*, 332 Pa. 233, 2 A.2d 695.": *DeFonde v. Keystone Valley Coal Co.*, 386 Pa. 433, 434, 126 A.2d 439 (1956). "It is apparent that the 'choice of paths' rule applies only if two distinct ways exist, one which is clearly safe and the other as involving danger . .." *Eller v. Work*, 233 Pa.Super. 186, 336 A.2d 645 (1975). For example, in *Tharp v. Pennsylvania Railroad Co.*, supra, the plaintiff was held contributorily negligent because he attempted to cross railroad tracks when he could have used the bridge spanning the tracks and, thereby, could have avoided being struck by a train.

The rule requiring a person to select a safe route in favor of a dangerous one is nothing more than a formulation of the general rule that a person is contributorily negligent if his conduct falls short of the standard to which a reasonable person should conform in order to protect himself from harm. See *Dezelan v. Duquesne Light Co.*, 334 Pa. 246, 5 A.2d 552 (1939); Restatement (Second) of Torts, § 466(b). However, the rule is not

---

2. The jury made a specific finding of contributory negligence, which was entered on the verdict slip.

meant to impose unreasonable restrictions on travel: "There is no law which requires anybody to follow any particular course in reaching his destination. People have freedom of movement in this country and they may even follow whim or caprice in attaining their objectives. Even if the alternative course could be determined hypothetically safer but the one chosen is still free from hazard and authorized by law, a tortfeasor may not escape responsibility for his negligence by maintaining that the person injured through his (the tortfeasor's) negligence could have escaped injury by taking the alternative route." *Hopton v. Donora Borough,* 415 Pa. 173, 202 A. 2d 814 (1964). Thus, to warrant an instruction on "choice of ways", there must be evidence that the plaintiff made an unreasonable decision which exposed him to a hazard that he knew or should have known existed. There must be evidence of (1) a safe course, (2) a dangerous course, and (3) facts which would put a reasonable person on notice of the danger or actual knowledge of the danger. See Restatement (Second) of Torts, § 466, *Comments f. and g.*

A party is entitled to have the issue of contributory negligence determined by proper standards as laid out in the trial judge's charge to the jury. *Evans v. Philadelphia Transportation Co.,* 418 Pa. 567, 212 A.2d 440 (1965); *Kimmel v. Yellow Cab Co.,* 414 Pa. 559, 201 A.2d 417 (1964); *Hronis v. Wissinger,* 412 Pa. 434, 194 A.2d 885 (1963); *Eller v. Work,* supra; *Millen v. Miller,* 224 Pa.Super. 569, 308 A.2d 115 (1973). A charge which is unsupported by the evidence may lead to jury confusion and an unjust result: " 'It is manifestly improper for a court, as here, to submit to a jury, for their determination, a point which the evidence does not warrant.' Quoting ancient, but well-settled language from another case, the Court went on to say: ' "To submit a fact, destitute of evidence, as one that may, nevertheless, be found, is an encouragement to err which cannot be too

closely observed or unsparingly corrected." ' *Marlowe [v. Travelers' Ins. Co.,* 313 Pa. 430, 169 A. 100 (1933)], supra at 433, 169 A. at 101. (Citation omitted)." *Millen v. Miller,* supra at 576, 308 A.2d at 119. Thus, if we find that the charge of the court is not supported by evidence in the record, we must reverse and grant a new trial.

In the instant case, there was testimony that a sharp curve located approximately 100 feet from her driveway blocked appellant's view to the left and that a hill crest blocked her view beyond 200 or 250 feet to the right. Testimony established that drivers approaching both from the right and the left could not see a car exiting appellant's driveway until they passed these obstacles. Thus, if appellant turned right, she risked being struck by a car the driver of which had only 100 feet of unobstructed vision. If she turned left, she risked being struck by a car, the driver of which had 200–250 feet of unobstructed vision. Appellant's choice of routes would appear to be equally dangerous; arguably, the route she selected was the safer in view of the longer stopping distance afforded approaching traffic. In any event, no evidence was presented which would allow the jury to conclude that there was a safe route which the appellant failed to take. In the absence of such evidence, it was reversible error for the court to instruct the jury on the "choice of ways" rule. The testimony regarding the events leading to the collision was contradictory, and it is impossible to determine what theory lead the jurors to the conclusion that appellant was negligent. We, therefore, vacate the judgment for appellee and grant a new trial.

Judgment vacated and case remanded.