J-A13022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMOS KWEH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| US AIRWAYS AND RYTEC | : | No. 1005 EDA 2016 |
| CORPORATION, INC. AND DANIEL J. | : | |
| KEATING COMPANY AND TURNER | : | |
| CONSTRUCTION COMPANY AND | : | |
| AMERICAN OVERHEAD DOOR AND | : | |
| DOCK, INC. AND AMERICAN | : | |
| INDUSTRIAL DOOR COMPANY A/K/A | : | |
| AMP ELECTRIC, INC. AND | : | |
| LOMBARDO AND LIPE ELECTRICAL | : | |
| CONTRACTORS | : | |

Appeal from the Judgment Entered February 26, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  September Term, 2014, No. 4769

| | | |
|---|---|---|
| AMOS KWEH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CITY OF PHILADELPHIA, RYTEC | : | No. 1025 EDA 2016 |
| CORPORATION, INC., AMERICAN | : | |
| OVERHEAD DOOR AND DOCK, INC. | : | |
| AND LOMBARDO AND LIPE | : | |
| ELECTRICAL CONTRACTORS | : | |

Appeal from the Judgment Entered February 26, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term, 2013, No. 1123

BEFORE: LAZARUS, J., OTT, J., and FITZGERALD[*], J.

MEMORANDUM BY OTT, J.:                **FILED OCTOBER 27, 2017**

In this timely, consolidated appeal, underlying plaintiff, Amos Kweh, appeals from the orders of summary judgment entered in favor defendants American Overhead Door and Dock, Inc. (American Overhead), Rytec Corporation, Inc. (Rytec), and US Airways, Inc. (US Airways).[1] Kweh claims the trial court erred in: applying Assumption of Risk and Choice of Ways doctrines, determining the overhead baggage door was not defective, and determining he was barred from recovery from US Airways because he collected workers' compensation from them. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm in part, reverse in part and remand to the trial court.

The underlying facts of this matter are taken from the certified record. On October 13, 2012, Kweh went to his place of employment, U.S. Airways at the Philadelphia International Airport, to retrieve his laptop computer, which he had left in his locker. Deposition Kweh, 10/12/2015, at 33-35. Kweh worked as a baggage handler. *Id*. at 36. The path he took to reach his locker

---

[*] Former Justice specially assigned to the Superior Court.

[1] All other defendants have been previously removed from the case. Kweh appeals from the judgment entered in favor of only the three defendants referenced above.

- 2 -

had doors for both pedestrians and luggage carts. He entered the building through a pedestrian doorway and retrieved his laptop computer. *Id*. at 55-57. As he attempted to return to his car, the pedestrian doorway through which he entered was blocked by a trash receptacle. *Id*. at 72. He then attempted to exit using one of the overhead baggage doors. *Id*. at 78. At that point, the door closed and struck him on the head. *Id*.

The overhead baggage doors are "high speed roll-up doors"[2] (baggage door) that operate by sensors. Deposition Gregoriou, 10/29/2015, at 17-19. Kweh testified at his deposition that he had used the baggage doors as a pedestrian on other occasions and had witnessed other US Airways employees do the same. Deposition Kweh, at 68. He further testified there were no signs forbidding use of the baggage doors by pedestrians. *Id*. at 103. He also denied ever being informed by management of any specific danger posed by the baggage doors. *Id*. at 108-110, 259. As Kweh passed under the baggage door, it closed, striking him across the front of his head and causing him to fall to the ground and briefly lose consciousness. *Id*. at 78, 80-82. He was taken to a hospital, where he was treated and released. *Id*. at 87. He missed three weeks of work. Subsequently, he applied for and was paid worker's compensation benefits.[3]

---

[2] American Overhead Motion for Summary Judgment, 1/4/2016, at ¶ 2.

[3] US Airways Motion for Summary Judgment, 1/4/2016, Exhibit E.

Kweh filed suit against US Airways, Rytec and American Overhead, on October 3, 2014. As noted above, other entities were also sued. However, actions against those defendants have terminated. Rytec was the designer/manufacturer of the baggage door. American Overhead maintained the door. Kweh obtained the services of an engineering expert who opined the baggage door was defectively designed and improperly maintained. ***See*** Kweh's Memorandum of Law in Opposition to Rytec's Motion for Summary Judgment, Exhibit A.

After the close of discovery, remaining defendants US Airways, Rytec and American Overhead, filed motions for summary judgment. US Airways' motion was based on having paid Kweh workers' compensation benefits. Rytec and American Overhead argued entitlement to summary judgment because neither owed any duty to Kweh as the danger posed by the baggage door was open and obvious, Kweh was ineligible to recover damages pursuant to the Choice of Way doctrine, and/or Kweh had provided no proof of malfunction or defect in the baggage door.

Our scope and standard of review for the grant of summary judgment is well known:

> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The

> reviewing court must view the record in the light most favorable
> to the nonmoving party and resolve all doubts as to the existence
> of a genuine issue of material fact against the moving party. Only
> when the facts are so clear that reasonable minds could not differ
> can a trial court properly enter summary judgment.

***Murphy v. Karnek***, 160 A.3d 850, 857 (Pa. Super. 2017)(citation omitted).

We will address Rytec's and American Overhead's arguments first as they are similar and were addressed together by the trial court. The trial court based its grant of summary judgment in favor of Rytec and American Overhead on three grounds. First, the trial court determined neither owed Kweh a duty of care as the danger posed by the baggage door was open and obvious and Kweh voluntarily assumed the risk of injury by using the baggage door rather than the pedestrian door. Second, the trial court determined Kweh was contributorily negligent and under the Choice of Ways doctrine he was unable to recover damages. Third, the baggage door was neither malfunctioning nor defective.

The trial court's reasoning supporting its determination that the dangers posed by the baggage door were open and obvious where warning signs were posted telling employees not to walk through the baggage door, employee briefings were held similarly informing employees not to walk through the baggage door, and Kweh demonstrated his knowledge of these open and obvious dangers by using the pedestrian door to enter the area. In contrast, and as noted above, Kweh testified no pedestrian warning signs were posted around the baggage door and he had never been informed via employer/employee briefing that the baggage door was inherently dangerous

and not to be used as a pedestrian. Because evidence of warnings regarding the baggage door was in dispute, the trial court was obliged to accept the evidence in the light most favorable to Kweh, as the non-moving party. Accordingly, the reasons cited above for supporting summary judgment in favor of Rytec and American Overhead must be rejected.

Further, the trial court's conclusion that Kweh demonstrated his knowledge that the baggage door was dangerous by initially using the pedestrian door is speculative. Contrary to the trial court's conclusion, Kweh testified he had used the baggage door as a pedestrian on multiple occasions prior to the incident of October 13, 2012, without encountering danger. Further, he witnessed other employees also using the baggage door as pedestrians, also without ever seeing an injury or hearing of one. Based upon Kweh's deposition testimony, it was premature to conclude that Kweh's initial choice of ingress was demonstrative of an awareness the baggage door posed a danger to him and that he voluntarily accepted that danger.

Accordingly, Rytec and American Overhead are not entitled to summary judgment based on Kweh's voluntary assumption of the risk.

Next, the trial court applied the Choice of Ways doctrine to support summary judgment in favor to Rytec and American Overhead. The trial court stated the doctrine as follows:

> "Where a person, having a choice of two ways, one of which is perfectly safe, and the other of which is subject to risks and dangers, voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover." ***Mirabel v. Morales***, 57 A.3d 144, 153-154 (Pa. Super. 2012) (quoting

> ***Downing v. Shaffer***, 371 A.2d 953, 956 (Pa. Super. 1977).  The
> Choice of Ways Doctrine will apply where there is "evidence of (1)
> a safe course, (2) a dangerous course, and (3) facts which would
> put a reasonable person on notice of the danger or actual
> knowledge of the danger." ***Id***.

Trial Court Opinion at 9-10.

As discussed above, Kweh's knowledge of the dangers of the baggage door was disputed.  Accordingly, it cannot be said, as a matter of law, that Kweh opted for the dangerous path when a safe path was readily available.

Further, the doctrine, as stated, is in conflict with 42 Pa.C.S. § 7102, regarding comparative negligence.  The doctrine holds that if a person voluntarily opts for the dangerous, rather than perfectly safe path he or she is "guilty of contributory negligence and cannot recover." ***Mirabel***, ***supra***, 57 A.3d at 154.  This renders the doctrine an absolute defense based upon the concept of contributory negligence.  However, 42 Pa.C.S. § 7102 states, in relevant part,

> In all actions brought to recover damages for negligence resulting
> in death or injury to persons or property, **the fact that the
> plaintiff may have been guilty of contributory negligence
> shall not bar a recovery** by the plaintiff or his legal
> representative **where such negligence was not greater than
> the causal negligence of the defendant or defendants
> against whom recovery is sought**, but any damages sustained
> by the plaintiff shall be diminished in proportion to the amount of
> negligence attributed to the plaintiff.

42 Pa.C.S. § 7102(a) (emphasis added).[4]

---

[4] As ***Mirabel*** did not apply the Choice of Ways doctrine, there was no need to address the apparent conflict with Section 7102.  All cases cited by ***Mirabel*** referencing the Choice of Ways doctrine were decided well before the current version of Section 7102.

Assuming, for the sake of argument, that Kweh was aware of the dangers posed by the baggage door, knew the pedestrian way was perfectly safe, and opted for the dangerous path, such contributory negligence, by statute, cannot act as an absolute bar to recovery. Accordingly, absent facts that are so clear that reasonable minds could not differ, the trial court may not grant summary judgment and it remains the responsibility of the ultimate fact finder to weigh evidence and apportion negligence.

We note that case law also states:

> The "choice of ways" doctrine has a narrow application and it should only be applied in "the clearest case." In cases in which "the doctrine has been applied to find the plaintiff was contributorily negligent, the danger the plaintiff chose to confront was indisputably obvious."

*Mirabel*, 57 A.3d at 154 (citations omitted).

The limited application and reiteration that the doctrine may only be applied in the clearest of cases provides further support for our conclusion that the Choice of Ways doctrine is currently factually inapplicable to the instant matter.

In light of the above, Rytec and American Overhead are not entitled to summary judgment based upon the Choice of Ways doctrine.

Finally, the trial court determined the baggage door was neither malfunctioning nor defective, thereby preventing Kweh from recovery. This finding was based upon evidence presented by moving party, American

Overhead,[5] that it had performed a safety check of the door two days prior to the accident and 16 days post-accident and found no need for repairs nor made any additional safety recommendations. American Overhead further declared that the baggage door had required no repairs or additional safety recommendations for the two months prior to the accident. While American Overhead's evidence may be compelling, the grant of summary judgment ignores the fact that Kweh also presented an expert report[6] that opined the door was both defectively designed and improperly maintained. In view of the competing evidence provided by the defense and Kweh and the requirement that one must view the evidence in the light most favorable to the non-moving party, the issue of whether the door was defective and/or improperly maintained remains a disputed issue of fact. Because summary judgement may only be granted were there are no remaining genuine issues of material fact, Rytec and American Overhead were not entitled to summary judgment on the basis that the door was neither defective nor improperly maintained.

In light of the above, the order granting summary judgment in favor of defendants Rytec and American Overhead must be reversed.

---

[5] Joseph Swope, Jr. was the corporate designee providing testimony on behalf of American Overhead.

[6] The expert report on behalf of Kweh was authored by Brian O'Donel, P.E., of Robson Forensic.

Lastly, Kweh challenges the grant of summary judgment in favor of US Airways, on the basis that he applied for and received Workers' Compensation benefits as a result of the incident. Here, the trial court aptly recognized the exclusivity of remedy provided by the Workers' Compensation Act, 77 P.S. § 1 et seq. Specifically, the Act provides:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, (sic) his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

77 P.S. § 481(a).

Further, Section 411 of the Act makes clear that entitlement to such benefits are conditioned upon the injury occurring during the course of employment. *See* 77 P.S. § 411(a).

The workers' compensation Agreement for Compensation form attached to US Airways' motion for summary judgment states that benefits were due because of time missed resulting from a laceration Kweh suffered to his head on October 13, 2012, when "employee was struck on the head by an overhead door." US Airways Motion for Summary Judgment, Exhibit E. This form was signed by Kweh. At the bottom of the form is a notice that any person who files misleading or incomplete information with the intent to defraud may be subject to civil and criminal penalties.

While represented by counsel, Kweh applied for and received workers' compensation benefits in the form of lost wages. The trial court reasoned that by doing so, he implicitly agreed that the injury he suffered occurred while in the course of his employment, as required by statute to obtain workers' compensation benefits. Having represented to his employer and the workers' compensation insurance carrier that he was entitled to benefits pursuant to statute, the trial court further reasoned that he was estopped from now claiming he is entitled to further benefits from US Airways because he was not, in fact, injured during the course of his employment.

While no party nor the trial court has provided case law that is directly on point to this factual scenario, we nevertheless agree with the trial court's logical analysis.

> Judicial estoppel is a judicially-created doctrine designed to protect the integrity of the courts. ***Sunbeam Corp. v. Liberty Mut. Ins. Co.***, 781 A.2d 1189, 1192 (Pa. 2001). The purpose of judicial estoppel is to ensure that the parties do not play "fast and loose" with the facts in order to suit their interests in different actions before different tribunals. ***Id***. Judicial estoppel applies where a party (1) "assumed an inconsistent position in an earlier action; and (2) that position was successfully maintained in that action." ***In re Adoption of S.A.J.***, 838 A.2d 616, 621 (Pa. 2003). The doctrine of judicial estoppel does not require actual litigation. ***Id.*** at 623.
>
> Judicial estoppel prohibits claiming a position inconsistent with one held in a previous action. ***Black v. Labor Ready, Inc.***, 995 A.2d 875 (Pa. Super. 2010). In ***Black***, a worker was sent to a factory by a temp agency. After being injured, the worker filed a WCA claim, seeking benefits from the factory. In its answer, the factory claimed the worker was an employee of the temp agency and not the factory. In a subsequent civil suit by the worker against the factory, the factory attempted to claim WCA immunity

as the employer. The Superior Court applied judicial estoppel to state that the factory could not claim to be an employer after successfully denying so in previous WCA proceedings. ***Id***.

Trial Court Opinion at 7.

The same logic in ***Black***, that prevented a company from first denying it was an employer then asserting it was the employer, applies to a worker who claims to have been injured in the course of employment and then attempts to deny that fact. Kweh successfully asserted he was in the course of employment and received workers' compensation benefits. He cannot now claim those payments were gratuitous[7] on the part of US Airways and that he was actually not acting as an employee when he was injured.

We recognize that one of the purposes of the Workers' Compensation Act is to protect employees by establishing quick and certain compensation for work-related injuries and resultant loss of earnings without wasting time and expenses on litigation. ***See Lascio v. Belcher Roofing Corp.,*** 704 A.2d 642 (Pa. Super. 1997). ***See also***, ***Turner v. Southeastern Pennsylvania Transp. Authority***, 389 A.2d 591 (Pa. Super. 1978) (WCA was intended to establish independent means of compensating any injured employee without resort to time-consuming litigation in court). To sanction an applicant who has collected benefits by asserting his status as an injured employee and then disclaiming that status in a subsequent suit against his employer would be in

_____

[7] Kweh's Brief at 22.

direct contravention of the stated purpose of the WCA to provide efficient compensation to injured workers.

Accordingly, where, as here, an employee claims entitlement to workers' compensation benefits and is paid those benefits, that employee is estopped from asserting a contrary position in a subsequent civil action.[8] Because Kweh is estopped from now claiming he was not injured while acting in the scope of his employment, we need not address the accuracy of that claim.

In light of the foregoing, we affirm the trial court's grant of summary judgment in favor of US Airways. We reverse the grant of summary judgment as to defendants Rytec and American Overhead.

Order granting summary judgment as US Airways is affirmed; orders granting summary judgment as to Rytec and American Overhead are reversed. Matter remanded to the trial court for trial. Jurisdiction relinquished.

_____

[8] We recognize that Kweh asserted he was invited to obtain benefits by US Airways and that he was unaware of the consequences of such actions because he was unrepresented by counsel. However, the trial court found as fact, and the certified record supports, that Kweh was represented at all relevant time by the same counsel currently representing him in this civil action. Accordingly, US Airways did not take unfair advantage of Kweh by providing him with the workers' compensation benefits he applied for.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/27/2017</u>