J-A03021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOANN BABBISH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PIXIE PARADISE CHILD CARE CENTER D/B/A PIXIE PARADISE EARLY LEARNING CENTER AND DEBORAH RIZZO | |
| Appellants | No. 515 MDA 2019 |

Appeal from the Judgment Entered March 21, 2019
In the Court of Common Pleas of Luzerne County
Civil Division at No: 2016-00518

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:          **FILED:MAY 11, 2020**

Appellants, Pixie Paradise Child Care Center ("Child Care Center") and Deborah Rizzo ("Rizzo") (collectively "Appellants"), appeal from the judgment entered on March 21, 2019 in the Court of Common Pleas of Luzerne County after a jury returned an $800,000 verdict in this slip and fall case in favor of Appellee, Joann Babbish ("Babbish").  The Child Care Center asserts trial court error for failure to deliver various jury instructions, including assumption of risk and choice of ways instructions, and for delegating to the jury a question of law regarding a duty owed to Babbish by the Child Care Center.  Following review, we affirm.

Our review of the record discloses that Babbish and her husband arrived at the Child Care Center at approximately 3 p.m. on February 4, 2014 to pick up their grandson. Her husband pulled into an on-street parking spot in front of the Child Care Center. Snow had fallen the day before and, on the morning of February 4, Rizzo cleared parts of the paved area in front of the building. She also cleared a path from the main entrance to the street where the Babbishes were parked, along with two additional paths from side exits of the building. As the trial court stated, "Rizzo deposited the cleared snow onto the uncleared sections atop the paved surface between the building and the roads abutting [Appellants'] property." Trial Court Opinion, 7/1/19, at 2 (some capitalization omitted).[1]

Babbish got out of the car and stepped over accumulations of snow deposited by Rizzo on an unshoveled part of the paved surface. She proceeded without incident into the building, retrieved her grandson and his diaper bag, and began her return to the car along the same route she took on her way in. As she approached the car, she slipped and fell, sustaining injuries that included a fractured ankle and back injuries.

---

[1] The "paved surface" was an area that measured approximately seven and a half feet in width and ran the length of the building from the building itself to the street. There was no grass or other landscaping between the building and the street. Rizzo shoveled approximately one-half of the seven and a half foot wide paved surface, as well as the paths from the entrance to the street and from the side exits of the building.

Babbish filed suit against Appellants alleging negligence. Following trial, a jury awarded her $800,000, subject to a finding of 20% comparative negligence on her part. The trial court molded the verdict to an award of $640,000. Appellants filed motions seeking remittitur, a new trial, and judgment notwithstanding the verdict. Following argument, the court denied all three motions by order entered on February 28, 2019. On March 20, 2019, the trial court added delay damages of $56,473.42 to the verdict, which was reduced to judgment on March 21, 2019. This timely appeal followed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants ask us to consider four issues, which we have reordered for ease of discussion as follows:

1. Did the trial court commit prejudicial error and/or abuse its discretion in refusing to instruct the jury on the doctrine of "Assumption of Risk" or even consider the doctrine's applicability to the facts of the case?

2. Did the trial court err when it refused to instruct the jury as to the law concerning the "Choice of Ways" doctrine as requested by [Appellants] in their Proposed Point for Charge #24?

3. Did the trial court err in failing to instruct the jury as to [Appellants'] requested Point for Charge #20 as well as Supplemental Points for Charge #2, #3, #4, #5, #6 and #7, when such Points would have clarified [Appellants'] and [Babbish's] responsibilities regarding ice and snow?

4. Where [Rizzo] cleared a path from snow in front of her property for the entire length of the building and further cleared three entrances from the street to the sidewalk, did the trial court err in instructing the jury to determine whether [Rizzo] had a duty to clear the entire area alongside the building from snow?

Appellants' Brief at 5.

- 3 -

Each of Appellants' issues asserts error or abuse of discretion with respect to jury instructions. As such,

[o]ur standard of review . . . is limited to determining whether the trial court committed a clear abuse of discretion or error of law which controlled the outcome of the case. Error in a charge occurs when the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. Conversely, a jury instruction will be upheld if it accurately reflects the law and is sufficient to guide the jury in its deliberations.

The proper test is not whether certain portions or isolated excerpts taken out of context appear erroneous. We look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party. In other words, there is no right to have any particular form of instruction given; it is enough that the charge clearly and accurately explains the relevant law.

*Pledger by Pledger v. Jannsen Pharmaceuticals, Inc.*, 198 A.3d 1126, 1146 (Pa. Super. 2018) (quoting *James v. Albert Einstein Med. Ctr.*, 170 A.3d 1156, 1163-64 (Pa. Super. 2017) (additional citation omitted)).

As reflected in the above excerpt, we are to consider the court's charge in its entirety. For context, we shall outline each of Appellants' jury instruction issues, beginning with the specific jury instructions addressed in their first through third issues.

Appellants first assert the trial court abused its discretion by refusing to deliver an assumption of risk instruction, but acknowledge there is no longer a suggested jury instruction for the doctrine. While assumption of the risk has not been formally abolished by our Supreme Court, this Court has

- 4 -

acknowledged that it has fallen into disfavor, "as evidenced by our [S]upreme [C]ourt's two . . . attempts to abolish or limit it." ***Staub v. Toy Factory, Inc.***, 749 A.2d 522, 528 (Pa. Super. 2000) (*en banc*) (citing ***Howell v. Clyde***, 620 A.2d 1107 (Pa. 1993) (plurality), and ***Rutter v. Northeastern Beaver County School District***, 437 A.2d 1198 (Pa. 1981) (plurality)). Moreover, as our Supreme Court observed in ***Howell***, "[T]he complexity of analysis in assumption of risk cases makes it extremely difficult to instruct juries." ***Howell***, 620 A.2d at 1108 (citing ***Rutter, supra***).

Here, in rejecting Appellants' request for an assumption of risk charge, the trial court explained, "I've re-read assumption of risk. And I think it's— noting your objection, I think it's way too confusing. I think comparative negligence takes care of all you need in that. I'll note your objection, that you've asked for that charge. But I'm just going to keep comparative negligence in." Notes of Testimony, Trial, 10/25/18, ay 271-72. Appellants' counsel informed the court that his closing argument included reference to assumption of risk. ***Id.*** at 272.[2] The court replied,

---

[2] Appellants' counsel argued assumption of risk to the jury in his closing, noting:

> The doctrine of assumption of the risk or what we call the common assumption of the risk is a common sense approach to how people behave. And this concept states that where a person confronts a known risk and voluntarily assumes that risk, they cannot recover it they are injured by that risk, that known risk.

Notes of Testimony, Trial, 10/25/18, at 297.

- 5 -

You can—I think it's correct law.  I just don't think that I'll charge on it. . . . Whether somebody should or should not—knows whether or not they should walk through snow and that that's an issue, it's fair game.  But I agree with [Appellee's counsel] that I think that's confusing, to put in the assumption of risk.  And really, I think we agree that comparative negligence takes case of it, correct?

*Id.*  Appellants' counsel responded, "We, of course, would like to have both."

*Id.*

In its charge, the trial court explained negligence principles and instructed that the jury must decide whether Rizzo was negligent.  *Id.* at 345. The court then noted that Rizzo claimed Babbish's *own* negligence was a factual cause of her injury and instructed that Rizzo had the burden to prove Babbish was negligent *and* that her negligence was a factual cause of her injury.  *Id.*  The court went on to indicate that the jury must determine each party's share of negligence;  that Babbish could not recover if her percentage of negligence is greater than 50%; that she could recover if her negligence was less than or equal to Rizzo's; and that the jury was not to consider the percentages of negligence when deciding damages.  *Id.* at 345-46.

Appellants next argue the trial court erred by refusing to charge the jury on choice of ways.  In *Mirabel v. Morales*, 57 A.3d 144 (Pa. Super. 2012), this Court explained:

The "choice of ways" doctrine still exists in Pennsylvania despite the substitution of comparative negligence for contributory negligence.  *See Updyke v. BP Oil Co.*, 717 A.2d 546, 552 (Pa. Super. 1998).  This doctrine states: "[w]here a person, having a choice of two ways, one of which is perfectly safe, and the other of which is subject to risks and dangers, voluntarily chooses the

latter and is injured, he is guilty of contributory negligence and cannot recover." ***Downing v. Shaffer***, 246 Pa. Super. 512, 371 A.2d 953, 956 (1977) (citation omitted). This doctrine does not require anybody to follow a particular route, however. . . .

In order for there to be sufficient evidence to warrant a jury instruction for the doctrine, there must be "evidence of (1) a safe course, (2) a dangerous course, and (3) facts which would put a reasonable person on notice of the danger or actual knowledge of the danger." [***Downing***, 371 A.2d at 956] (citation omitted). The "choice of ways" doctrine has a narrow application and it should only be applied in "the clearest case." ***Oswald*** [***v. Stewart***, 448 A.2d 1, 2 (Pa. Super. 1982)]. In cases in which "the doctrine has been applied to find that the plaintiff was contributorily negligent, the danger the plaintiff chose to confront was indisputably obvious." ***O'Brien v. Martin***, 432 Pa. Super. 323, 638 A.2d 247, 249–50 (1994).

***Id.*** at 153-54.

Babbish's counsel also addressed choice of ways in his closing argument, indicating that Babbish said she could not get back to her car using a cleared path from the entrance to the street because a car was parked in that spot. Notes of Testimony, Trial, 10/25/18, at 300-01. Counsel reminded the jurors of the conflicting testimony offered by Babbish and her husband as to whether there was a car in that spot from the time they arrived at the Child Care Center until Babbish fell. ***Id.*** at 298-300. Counsel suggested that "if she had another way to get [to the car] that was perfectly safe that wouldn't have caused her injury and any risk and she failed to take that one, then she is responsible for her actions and not [] Rizzo." ***Id.*** at 301.

In their third issue, Appellants claim trial court error for failure to instruct that a possessor of land is not an insurer of safety (Proposed Point for

Charge #20) and that property owner owes duties to pedestrians to maintain sidewalks and to remove snow (Proposed Points for Charge #2-#7). None of the proposed points for charge are based on Pennsylvania Suggested Standard Jury Instructions, although most include citations to case law.[3]

In the trial court's charge, the judge instructed:

The law in Pennsylvania is that one in possession of land is required to maintain the abutting public sidewalks in a reasonably safe condition to prevent or eliminate any hazardous or unsafe condition that upon all the circumstances involved would be an unreasonable risk of harm to pedestrians properly using walks.

*Id.* at 347.

Appellant's fourth allegation of error is based on an assertion that the trial court asked the jury to determine whether Rizzo owed Babbish "a duty to clear the entire front of the building from the edge of the building to the street." Appellant's Brief at 39. However, the court's charge did not assign that task to the jury. Rather, the court stated, "Ladies and gentlemen, in this

_____

[3] We note that "[t]he Suggested Standard Jury Instructions themselves are not binding and do not alter the discretion afforded trial judges in crafting jury instructions; rather, '[a]s their title suggests, the instructions are guides only.'" *Commonwealth v. Simpson*, 66 A.3d 253, 274 n. 24 (Pa. 2013) (quoting *Butler v. Kiwi*, 604 A.2d 270, 273 (Pa. Super. 1992)). As we explained in *Butler*, the instructions have not been adopted by our Supreme Court. *Id.* at 273. "The court is free to formulate and express its charge as it sees fit, provided the charge fairly and accurately apprises the jury of the relevant law and guides the jury in its deliberations." *Id.*

case, the parties dispute what constitutes a sidewalk. Was the sidewalk the area from the building to the street or something less than that[?] It will be up to you, the jury, to determine what area constitutes the sidewalk in this case." *Id.* at 346-47. The court went on to explain, as set forth above, the possessor of land's requirement to maintain sidewalks in a reasonably safe condition, preventing or eliminating unsafe conditions that create an unreasonable risk of harm to pedestrians. *Id.* at 347.

Reviewing the charge as a whole, against the background of the evidence admitted in this case, we find no clear abuse of discretion or error of law controlling the outcome of the case. The court properly charged the jury on comparative negligence in keeping with the evidence presented rather than deliver a confusing and disfavored assumption of the risk charge. As is recognized in the Note to the Suggested Standard Jury Instructions, there is no standard instruction on assumption of risk "because assumption of the risk is a question for the court to decide upon a nonsuit motion and not a matter for jury determination in negligence actions." Note, Pa. SSJI 13.220. Importantly, the jury determined that Babbish was comparatively negligent and assigned 20% of the negligence to her.

Also in keeping with the evidence presented, the trial court declined to deliver a choice of ways instructions. The evidence did not demonstrate that availability of an alternative perfectly safe path. Although there was conflicting testimony, it was for the jury to determine whether there was, in

fact, another car in the parking spot at the end of the path Rizzo shoveled from the entrance of the Child Care Center to Fifth Street. If that path was not available to Babbish, the alternative was to walk into the slushy street where vehicles were traveling. When asked if she could have gone around into the street with her grandson, Babbish replied, "No, I wouldn't take him out into the street." Notes of Testimony, 10/25/18, at 250.

Regarding the proposed points for charge relating to possessors of land, sidewalks and snow removal, a review of the court's charge reveals that the court properly charged the jury on the duties of a property owner to maintain sidewalks in a reasonable condition. There were no issues relating to when snow was removed, nor were there any issues relating to accumulations of snow and ice. This was simply a situation in which Rizzo shoveled part, but not all, of the seven and a half-foot wide paved surface that ran the length of the building between the Child Care Center and the street. It was up to the jury to determine whether she was reasonable in removing some, but not all, of the snow from the area, in clearing three paths from the doors of the building to the abutting streets and alley, and in depositing the shoveled snow on top of the portions she did not shovel. The instructions provided by the trial court put those questions squarely before the jury in their consideration of whether Rizzo acted reasonably.

Finally, despite Appellants' protests to the contrary, the court did not ask the jury to determine whether Rizzo owed a duty to clear the entire paved

surface. Rather, the court explained that "the parties dispute what constitutes a sidewalk." **Id.** at 346. The jury was charged with making a factual determination as to "what area constitutes the sidewalk in this case." **Id.** at 346-37. After doing so, the jury was to determine whether Rizzo, as the person in possession of land, acted reasonably in maintaining "abutting public sidewalks in a reasonably safe condition." **Id.** at 347.

Mindful of our standard of review, we find that the charge as a whole was adequate and did not have a tendency to mislead the jury. **See Pledger, supra**, 198 A.3d at 1146. Finding no clear abuse of discretion or error of law controlling the outcome of the case, we shall not disturb the jury's verdict.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/11/2020

- 11 -